FILED ✓    LODGED ___
RECEIVED ___    COPY ___

MAY 2 3 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ ✓✓ M DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>(1)  Gary Leonard Pierce,<br>     (Counts 1-8)<br><br>(2)  George Harry Johnson,<br>     (Counts 1-8)<br><br>(3)  James Franklin Norton, and<br>     (Counts 1-8)<br><br>(4)  Sherry Ann Pierce,<br>     (Counts 1-8)<br><br>              Defendants. | CR-17-00713-PHX-JJT(JZB)<br><br>**INDICTMENT**<br><br>VIO:  18 U.S.C. § 371<br>       (Conspiracy)<br>       Count 1<br><br>       18 U.S.C. § 666(a)(1)(B)<br>       (Federal Programs Bribery)<br>       Count 2<br><br>       18 U.S.C. §§ 1341 and 1346<br>       (Honest Services Mail Fraud)<br>       Count 3<br><br>       18 U.S.C. §§ 1343 and 1346<br>       (Honest Services Wire Fraud)<br>       Counts 4-8 |

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times material to this Indictment:

The principal individuals, entities and terminology referenced in this Indictment include the following:

1.    Defendant GARY LEONARD PIERCE was an elected Commissioner of the Arizona Corporation Commission and the Chairman in 2011 and 2012. The annual salary for Arizona Corporation Commission Commissioners in 2011 and 2012 was $79,500.

2.    The Arizona Corporation Commission (hereinafter "ACC") was established

pursuant to the Arizona Constitution, and regulates utilities in the State, including water, electricity, gas, sewer and telephone. The ACC has five Commissioners who are elected statewide who: function in an executive capacity; function in a legislative capacity when adopting rules and regulations; and act in a judicial capacity while sitting as a tribunal and making decisions in contested matters. The ACC has ultimate responsibility for final decisions on the granting or denial of rate adjustments, enforcement of safety and public service requirements, and approval of securities matters.

3.      Defendant GEORGE HARRY JOHNSON was the owner of Johnson Utilities, LLC, dba Johnson Utilities Company (hereinafter "Johnson Utilities, LLC"), a utility that provided water and wastewater services to customers in Pinal County, Arizona, headquartered in Scottsdale, Arizona, and that is subject to the regulation of the ACC.

4.      Defendant GEORGE HARRY JOHNSON was the owner of Johnson International, Inc., an entity engaged in real estate development and headquartered in Scottsdale, Arizona.

5.      Defendant JAMES FRANKLIN NORTON was a lobbyist for R&R Partners, a firm engaged in government affairs among other endeavors, and a retained lobbyist for defendant GEORGE HARRY JOHNSON and Johnson Utilities, LLC, before the ACC and other entities within the State of Arizona.

6.      Defendant SHERRY ANN PIERCE was the spouse of defendant GARY LEONARD PIERCE.

7.      An unindicted coconspirator (hereinafter the "unindicted coconspirator") acted at the direction of defendants GARY LEONARD PIERCE, GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE.

## BACKGROUND RE MATTERS BEFORE THE
## ARIZONA CORPORATION COMMISSION

8.      On August 24, 2010, all five ACC Commissioners, including defendant GARY LEONARD PIERCE, considered whether defendant GEORGE HARRY JOHNSON, as the owner of Johnson Utilities, LLC, should have his personal income tax expenses

reimbursed, and paid for, by payments made by the Utility's customers, and whether to increase the Utility's wastewater division's revenues through a rate base increase. Defendant GARY LEONARD PIERCE, and the other four Commissioners, rejected these proposals.   With respect to the recovery of personal income taxes, the five ACC Commissioners agreed with Arizona's Residential Utility Consumer Office and ACC Staff in finding that, "As we determined in Decision No. 71445 (December 23, 2009), it is not appropriate or in the public interest to allow pass through entities such as the Company to recover personal income tax expenses through rates.   The Company's request is not reasonable and will be denied."  With respect to the requested rate base increase, the five ACC Commissioners noted in their decision that, "The fair value of the Company's wastewater division rate base is $136,562, and therefore a rate of return analysis is not reasonable.  Authorizing an operating margin of 3 percent produces rates and charges that are just and reasonable."  Johnson Utilities, LLC, had proposed a fair value rate base of $17,479,735.  See ACC Decision No. 71854, Docket No. WS-02987A-08-0180, dated August 25, 2010.

9.     In an ACC Open Meeting on September 6, 2011, defendant GARY LEONARD PIERCE voted to increase the fair value of the wastewater division rate base for Johnson Utilities, LLC, from $136,562 to $18,244,755, thereby increasing the Utility's revenues, and to "Include explicit language for Johnson Utilities to request income tax expense prospectively in a future A.R.S. § 40-252 Petition if the Commission changes its policy on imputed income tax expense."   Two Commissioners voted with defendant GARY LEONARD PIERCE, one Commissioner abstained from the vote and one Commissioner dissented.  In the dissent, the Commissioner stated, "With no additional evidence or an amended recommended opinion and order presented to the Commissioners, there was nothing new to persuade me that we erred in Decision No. 71854. Given the lack of new evidence or information, I do not believe that the record supports the vote to amend Decision No. 71854 and the resulting increases in rates for Johnson Utilities' customers." See ACC Decision No. 72579, Amending Decision No. 71854, Docket No. WS-02987A-

1  08-0180, docketed on September 15, 2011.

2  10.    On June 15, 2012, defendant GARY LEONARD PIERCE, as an ACC

3  Commissioner, docketed a draft policy proposing that the ACC allow pass-through entities

4  (such as Johnson Utilities, LLC) to recover personal income tax expenses through rates

5  charged to customers. See Policy Statement on Income Tax Expense for Tax Pass-Through

6  Entities: ACC Docket No. W-00000C-06-0149, dated June 15, 2012.

7  11.    On June 27, 2012, ACC Staff stated, "Staff recommends continuation of the

8  Commission practice to not recognize income taxes as a component of the cost of service

9  when utility services are rendered by an entity classified as an S-Corp or certain LLCs."

10  See Staff Report – In the Matter of the Arizona Corporation Commission – Generic

11  Investigation (Docket No. W-00000C-06-0149), and an attached Supplemental Staff

12  Report, both dated June 27, 2012.

13  12.    On February 12, 2013, defendant GARY LEONARD PIERCE, along with three

14  commissioners, voted to allow the recovery of personal income taxes by pass-through

15  public service corporations (such as Johnson Utilities, LLC).  One Commissioner dissented

16  and stated, "Asking rate payers to pay personal income taxes for shareholders of utilities

17  organized as subchapter "S" corporations or limited liability corporations (LLCs) (aka

18  "pass-through entities") is neither justifiable nor good public policy.  Personal income taxes

19  are not a utility expense." See ACC Decision No. 73739, Docket No. W-00000C-06-0149,

20  docketed on February 22, 2013.

21
22

**COUNT ONE**
**Conspiracy**
**(18 U.S.C. § 371)**

23  13.    The factual allegations contained in paragraphs 1 through 12 of this indictment are

24  incorporated by reference and re-alleged as if fully set forth herein.

25  14.    Beginning at a time unknown to the Grand Jury, but by no later than in or about

26  August 2011, and continuing through in or about February 2013, in the District of Arizona,

27  and elsewhere, defendants GARY LEONARD PIERCE, GEORGE HARRY JOHNSON,

28  JAMES FRANKLIN NORTON and SHERRY ANN PIERCE, along with others known

and unknown to the Grand Jury, did knowingly and willfully agree and conspire with each other, and others known and unknown to the Grand Jury, to commit the following offenses against the United States:

(a)     Title 18, United States Code, Sections 666(a)(1)(B) (Federal Programs Bribery);

(b)     Title 18, United States Code, Sections 1341 and 1346 (Honest Services Mail Fraud); and

(c)     Title 18, United States Code, Sections 1343 and 1346 (Honest Services Wire Fraud).

**OBJECT OF THE CONSPIRACY AND SCHEME TO DEFRAUD**

15.     The object of the defendants' conspiracy was for defendant GEORGE HARRY JOHNSON to unlawfully pay money and property to defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE, through JAMES FRANKLIN NORTON and the unindicted coconspirator, in exchange for defendant GARY LEONARD PIERCE, as a Commissioner for the ACC, to unlawfully execute official actions benefiting defendant GEORGE HARRY JOHNSON and Johnson Utilities, LLC, with respect to matters pending before the ACC and thereby deprive the ACC, the customers of Johnson Utilities, LLC, and the citizens of the State of Arizona of their right to the honest services of elected members of the ACC through bribery and concealment of material information.

16.     During the period of the conspiracy, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE fraudulently and unlawfully received $31,500.00 from defendant GEORGE HARRY JOHNSON, through defendant JAMES FRANKLIN NORTON, in exchange for defendant GARY LEONARD PIERCE's favorable and unlawful official actions on matters before the ACC, including Decision Number 72579, in ACC, Docket Number WS-02987A-08-0180, which added back into a rate base a wastewater division plant of $18,244,755 which was previously disallowed, and the docketing of a proposed policy change in ACC, Docket Number W-00000C-06-0149, which lead to the ACC permitting utilities organized as subchapter S corporations and limited liability companies

(a.k.a. LLCs and pass-through entities) to charge their ratepayers for the utility owner's personal income taxes.

17.    In order to accomplish the payment of money and property to defendant GARY LEONARD PIERCE, defendant JAMES FRANKLIN NORTON agreed to act as a conduit between defendants GEORGE HARRY JOHNSON and GARY LEONARD PIERCE, and in so doing was offered the opportunity to purchase land valued at approximately $350,000 for defendant GARY LEONARD PIERCE, and caused an unindicted coconspirator to act as a consultant for defendant GEORGE HARRY JOHNSON for approximately $6,000 per month plus expenses, and hire defendant SHERRY ANN PIERCE and pay her approximately $3,500 per month during the period of from in or about November 2011 through in or about August 2012.  The purpose of this consulting arrangement was to conceal the direct payment of funds by defendant GEORGE HARRY JOHNSON to defendant GARY LEONARD PIERCE.

18.    During the period of the conspiracy, the unindicted coconspirator set up a separate consulting firm and bank checking account, and billed defendant GEORGE HARRY JOHNSON approximately $6,000 per month plus expenses.  In order to hide the conspiracy and scheme to defraud, the unindicted coconspirator, while acting at the direction of defendants GEORGE HARRY JOHNSON and JAMES FRANKLIN NORTON, asked defendant SHERRY ANN PIERCE to submit monthly invoices for approximately $3,500; sent to, and received emails from, defendant SHERRY ANN PIERCE; took defendant SHERRY ANN PIERCE to lunch; and gave defendant SHERRY ANN PIERCE simple tasks some of which were performed and reviewed by defendant GARY LEONARD PIERCE.  Upon receipt of the approximately $6,000 invoices plus expenses, defendant GEORGE HARRY JOHNSON paid the unindicted coconspirator via checks drawn on an account held by Johnson, International, Inc.  Upon receipt of the checks, the unindicted coconspirator then sent monthly checks to defendant SHERRY ANN PIERCE for approximately $3,500 via a separate checking account.

**OVERT ACTS**

19.    In furtherance of the conspiracy, and to effect the objects of the conspiracy, defendants and others known and unknown to the Grand Jury, committed, or caused to be committed, the following overt acts, among others.

20.    On or about August 4, 2011, defendant GARY LEONARD PIERCE mailed and docketed a letter to parties requesting proposed amendments to aid in the ACC's consideration of a Petition to amend ACC Decision Number 71854, which related to an increase in water and wastewater rates for customers of Johnson Utilities, LLC.

21.    On or about August 9, 2011, defendant GEORGE HARRY JOHNSON and Johnsons Utilities, LLC, filed a proposed amendment modifying ACC Decision Number 71854 concerning relief related to an increase in water and wastewater rates for customers of Johnson Utilities, LLC and other matters favorable to defendant GEORGE HARRY JOHNSON.

22.    On or about August 11, 2011, defendant GARY LEONARD PIERCE introduced and docketed an Amendment, titled "Pierce Proposed Amendment #1," for ACC Docket Number WS-02987A-08-0180, in support of Johnson Utilities, LLC, Agenda for discussion and consideration at the ACC Open Meeting on August 11, 2011.

23.    On or about August 11, 2011, during a meeting of the ACC, defendant GARY LEONARD PIERCE voted to direct ACC staff to prepare and docket an order incorporating the requested modifications outlined in his "Pierce Proposed Amendment #1," including "The inclusion of language permitting the Company to request income tax expense prospectively in a future A.R.S. § 40-252 Petition if the ACC changes its policy relating to imputed income tax expense," for ACC Docket Number WS-02987A-08-0180, for consideration at the ACC's September 2011 Open Meeting.

24.    On or about September 6, 2011, at the ACC's September Open Meeting, defendant GARY LEONARD PIERCE called for a vote, and voted to accept, Johnson Utilities, LLC's, petition to amend ACC Decision Number 71854.  In so doing, defendant GARY LEONARD PIERCE voted to authorize a rate increase for water and wastewater rates for

customers of Johnson Utilities, LLC, in Pinal County, Arizona. The vote passed the ACC by a three to two vote. Resulting ACC Decision Number 72579 included modifications, contrary to the recommendations of the ACC's staff, which defendant GEORGE HARRY JOHNSON had requested, including adding into the rate base for Johnson Utilities, Inc., $18,244,755, which was previously disallowed, specifically $10,892,391 for wastewater plant cost and $7,352,364 related to affiliated profit. In the same proceeding and vote, defendant GARY LEONARD PIERCE voted to pass a provision which permitted defendant GEORGE HARRY JOHNSON's company to request personal income tax expense prospectively in a future A.R.S. § 40-252 Petition if the ACC changed its policy relating to imputed personal income tax expense.

25.     On or about September 28, 2011, defendants GARY LEONARD PIERCE, SHERRY ANN PIERCE, JAMES FRANKLIN NORTON, and the unindicted coconspirator, met for dinner. During the meeting, the unindicted conspirator told defendant SHERRY ANN PIERCE that a contract and a confidentiality agreement would be created as part of her employment with the unindicted coconspirator's consulting firm. The purpose of the confidentiality agreement was to prevent defendant SHERRY ANN PIERCE from disclosing the nature of her employment and the source of the money to third parties.

26.     On or about November 9, 2011, defendant GEORGE HARRY JOHNSON signed check number 6081, drawn on an account ending with 1236 held by Johnson International, Inc., for $6,000, and made payable to the unindicted coconspirator's consulting firm.

27.     On or about November 9, 2011, defendant SHERRY ANN PIERCE signed an "Independent Contractor Agreement" with the unindicted coconspirator's consulting firm.

28.     On or about November 9, 2011, defendant SHERRY ANN PIERCE signed a confidentiality agreement related to her "Independent Contractor Agreement" with the unindicted coconspirator's consulting firm.

29.     On or about November 10, 2011, defendants GEORGE HARRY JOHNSON and JAMES FRANKLIN NORTON met with the unindicted coconspirator, and defendant

GEORGE HARRY JOHNSON gave check number 6081, drawn on an account ending with 1236, held by Johnson International, Inc., for $6,000, and made payable to the unindicted coconspirator's consulting firm, to the unindicted coconspirator.

30.     On or about November 10, 2011, the unindicted coconspirator opened checking account ending with 5861 to be held in the name of the unindicted coconspirator's consulting firm.

31.     On or about November 18, 2011, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered one, drawn on an account ending with 5861, for $3,500, from the unindicted coconspirator. The original source of the money was defendant GEORGE HARRY JOHNSON. The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 9243, an account she jointly held with defendant GARY LEONARD PIERCE.

32.     On or about December 8, 2011, defendant GEORGE HARRY JOHNSON signed check number 6084, drawn on an account ending with 1236, held by Johnson International, Inc., for $6,000, and made payable to the unindicted coconspirator's consulting firm.

33.     On or about December 12, 2011, defendant SHERRY ANN PIERCE sent an invoice, via email, to the unindicted coconspirator, dated December 8, 2011, for "December Consulting Services as per Contract: $3,500.00."

34.     On or about December 19, 2011, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered 1001, drawn on an account ending with 5861, for $3,500, from the unindicted coconspirator. The original source of the money was defendant GEORGE HARRY JOHNSON.  The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 9243, an account she jointly held with defendant GARY LEONARD PIERCE.

35.     On or about December 27, 2011, defendant GARY LEONARD PIERCE sent an email to the unindicted coconspirator regarding the possible purchase of land valued at approximately $350,000 by defendants GARY LEONARD PIERCE and JAMES FRANKLIN NORTON.  In the email defendant GARY LEONARD PIERCE states,

"Please pass on to Jim."  The funds for the purchase were to be provided by defendant GEORGE HARRY JOHNSON.

36.     On or about December 29, 2011, defendant GARY LEONARD PIERCE sent an email to defendant JAMES FRANKLIN NORTON regarding the possible purchase of land by defendants GARY LEONARD PIERCE and JAMES FRANKLIN NORTON with an opening offer to purchase of $300,000.  The email included a "Letter of Intent to Purchase" dated December 29, 2011, which listed defendants GARY LEONARD PIERCE and JAMES FRANKLIN NORTON as purchasers.  In addition, in the email, defendant GARY LEONARD PIERCE advised defendant JAMES FRANKLIN NORTON that he would advise the real estate agent to take his name off the letter of intent so that defendant JAMES FRANKLIN NORTON "will be the buyer."  The funds for the purchase were to be provided by defendant GEORGE HARRY JOHNSON.

37.     On or about January 13, 2012, defendant GEORGE HARRY JOHNSON signed check number 6095, drawn on an account ending with 1236, held by Johnson International, Inc., for $6,097.99, and made payable to the unindicted coconspirator's consulting firm.

38.     On or about January 31, 2012, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered three, drawn on an account ending with 6130, held in the name of the unindicted coconspirator's consulting firm, for $3,500, from the unindicted coconspirator.  The original source of the money was defendant GEORGE HARRY JOHNSON.  The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 9243, an account she jointly held with defendant GARY LEONARD PIERCE.

39.     On or about February 9, 2012, defendant GEORGE HARRY JOHNSON signed check number 6099, drawn on an account ending with 1236, held by Johnson International, Inc., for $7,084.80, and made payable to the unindicted coconspirator's consulting firm.

40.     On or about February 21, 2012, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered 1501, drawn on an account ending with 6130, held in the name of the unindicted coconspirator's consulting firm, for $3,500,

from the unindicted coconspirator. The original source of the money was defendant GEORGE HARRY JOHNSON. The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 9243, an account she jointly held with defendant GARY LEONARD PIERCE.

41.     On or about March 20, 2012, defendant GEORGE HARRY JOHNSON signed check number 6108, drawn on an account ending with 1236, held by Johnson International, Inc., for $6,028.23, and made payable to the unindicted coconspirator's consulting firm.

42.     On or about April 6, 2012, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered 1502, drawn on an account ending with 6130, held in the name of the unindicted coconspirator's consulting firm, for $3,500, from the unindicted coconspirator. The original source of the money was defendant GEORGE HARRY JOHNSON. The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 9243, an account she jointly held with defendant GARY LEONARD PIERCE.

43.     On or about April 11, 2012, defendant GEORGE HARRY JOHNSON signed check number 6112, drawn on an account ending with 1236, held by Johnson International, Inc., for $6,069.53, and made payable to the unindicted coconspirator's consulting firm.

44.     On or about May 1, 2012, defendant GEORGE HARRY JOHNSON signed check number 6114, drawn on an account ending with 1236, held by Johnson International, Inc., for $6,029.79, and made payable to the unindicted coconspirator's consulting firm.

45.     On or about May 16, 2012, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered 1503, drawn on an account ending with 6130, held in the name of the unindicted coconspirator's consulting firm, for $3,500, from the unindicted coconspirator. The original source of the money was defendant GEORGE HARRY JOHNSON. The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 9243, an account she jointly held with defendant GARY LEONARD PIERCE.

46.     On or about June 5, 2012, defendant GEORGE HARRY JOHNSON signed check

number 6118, drawn on an account ending with 1236, held by Johnson International, Inc., for $6,144.56, and made payable to the unindicted coconspirator's consulting firm.

47.     On or about June 11, 2012, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered 1504, drawn on an account ending with 6130, held in the name of the unindicted coconspirator's consulting firm, for $3,500, from the unindicted coconspirator.  The original source of the money was defendant GEORGE HARRY JOHNSON.  The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 9243, an account she jointly held with defendant GARY LEONARD PIERCE.

48.     On or about June 15, 2012, defendant GARY LEONARD PIERCE docketed a draft "Policy Statement on Income Tax Expense for Tax Pass-Through Entities; Docket No. W-00000C-06-0149" before the ACC.

49.     On or about July 11, 2012, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered 1505, drawn on an account ending with 6130, held in the name of the unindicted coconspirator's consulting firm, for $3,500, from the unindicted coconspirator.  The original source of the money was defendant GEORGE HARRY JOHNSON.  The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 7187, an account she jointly held with defendant GARY LEONARD PIERCE.

50.     On or about July 31, 2012, the unindicted coconspirator sent an email to defendant SHERRY ANN PIERCE that advised that contract work for clients would be limited as of August 1, 2012.

51.     On or about July 31, 2012, defendant SHERRY ANN PIERCE sent an email to the unindicted coconspirator regarding the end of payments from defendant GEORGE HARRY JOHNSON in which she stated, "I've really enjoyed working with and getting to know you better.  Gary told me about his conversation about this with Jim so I was already aware."

52.     On or about August 3, 2012, defendant GEORGE HARRY JOHNSON signed check

number 6128, drawn on an account ending with 1236, held by Johnson International, Inc., for $6,027.48, and made payable to the unindicted coconspirator's consulting firm.

53.     On or about August 9, 2012, the unindicted coconspirator sent an email to defendant SHERRY ANN PIERCE that advised, "Just got my final check in the mail while I was in Tucson so will get a check out to you tomorrow."

54.     On or about August 13, 2012, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE accepted a check, numbered 1506, drawn on an account ending with 6130, held in the name of the unindicted coconspirator's consulting firm, for $3,500 from the unindicted coconspirator.   The original source of the money was defendant GEORGE HARRY JOHNSON.   The check was endorsed by defendant SHERRY ANN PIERCE and deposited into an account ending with 9243, an account she jointly held with defendant GARY LEONARD PIERCE.

55.     On February 12, 2013, as documented in ACC Decision No. 73739, Docket No. W-00000C-06-0149, docketed on February 22, 2013, defendant GARY LEONARD PIERCE voted to allow the recovery of personal income taxes by pass-through public service corporations (such as Johnson Utilities, LLC).

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Federal Programs Bribery)
### (18 U.S.C. § 666(a)(1)(B))

56.     Paragraphs 1 through 55 of the Indictment are realleged and incorporated by reference as if fully set forth herein.

57.     From in or about August 2011 to in or about February 2013, in the District of Arizona and elsewhere, defendant GARY LEONARD PIERCE, being an agent of the ACC, a political subdivision within the State of Arizona, which received benefits of $10,000 in the one-year period from in or about January 2011 to in or about December 2011, and received benefits of $10,000 in the one-year period from in or about January 2012 to in or about December 2012, from federal programs involving a grant, contract,

subsidy, loan, guarantee, insurance, and other forms of federal assistance, did corruptly solicit, demand, accept, and agree to accept something of value intending to be influenced and rewarded in connection with the business, transaction, and series of transactions of such state government involving something of value of $5,000 or more: namely, defendant GARY LEONARD PIERCE, knowingly and willfully, solicited, accepted and agreed to accept money, ultimately totaling $31,500, and solicited real property valued at approximately $350,000, from defendant JAMES FRANKLIN NORTON, a retained lobbyist for Johnson Utilities, LLC, intending to be influenced and rewarded in connection with matters Johnson Utilities, LLC, had pending before the ACC, including allowing defendant GEORGE HARRY JOHNSON's personal income tax expenses to be reimbursed, and paid for, by payments made by the Utility's customers, and allowing a significant increase in Johnson Utilities, LLC's wastewater division's revenues through a rate base increase, and defendants GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE did knowingly and intentionally aid the commission of the offense by routing payments and acting as a conduit  of the money to defendant GARY FRANKLIN PIERCE in order to hide the true nature and purpose of the payment of the money.

All in violation of Title 18, United States Code, Sections 666(a)(1)(B).

**COUNT THREE**
**(Honest Services Mail Fraud)**
**(18 U.S.C. §§ 1341 and 1346)**

58.     Paragraphs 1 through 57 of the Indictment are realleged and incorporated by reference as if fully set forth herein.

59.     From in or about August 2011 to in or about February 2013, in the District of Arizona and elsewhere, defendants GARY LEONARD PIERCE, GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE knowingly devised, intended to devise and participated in, a scheme and artifice to defraud and deprive the ACC, the customers of Johnson Utilities, LLC, and the citizens of the State of Arizona of their right to the honest services of elected members of the ACC through concealment

of material information and bribery in exchange for defendant GARY LEONARD PIERCE's material official actions.

60.     On or about the date of the Count listed below, in the District of Arizona and elsewhere, defendants GARY LEONARD PIERCE, GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and deprive, placed and caused to be placed in a post office and an authorized depository for mail, to be sent and delivered by the United States Postal Service and by a private and commercial interstate carrier, the following matter and thing:

| Count | Date – On or About | Description |
|-------|--------------------|-------------|
| 3     | 8/3/2012           | Zions First National Bank Check Number 6128, dated August 3, 2012, for $6,027.48, account holder Johnson International, Inc., Scottsdale, Arizona, mailed to the unindicted coconspirator via the United States Postal Service. |

All in violation of Title 18, United States Code, Sections 1341 and 1346.

**COUNTS FOUR THROUGH EIGHT**
**(Honest Services Wire Fraud)**
**(18 U.S.C. §§ 1343 and 1346)**

61.     Paragraphs 1 through 60 of the Indictment are realleged and incorporated by reference as if fully set forth herein.

62.     From in or about August 2011 to in or about February 2013, in the District of Arizona and elsewhere, defendants GARY LEONARD PIERCE, GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE knowingly devised, intended to devise and participated in, a scheme and artifice to defraud and deprive the ACC, the customers of Johnson Utilities, LLC, and the citizens of the State of Arizona of their right to the honest services of elected members of the through concealment of material information and bribery in exchange for defendant GARY LEONARD PIERCE's

material official actions.

63.     On or about the dates of the Counts listed below, in the District of Arizona and elsewhere, defendant GARY LEONARD PIERCE, GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and deprive, did knowingly transmit and cause to be transmitted, by means of wire and radio communications in interstate commerce, certain writings, pictures signals and sounds (i.e., emails and funds transfers) to and from the District of Arizona, as set forth in the chart below, each instance being a separate count of this Indictment:

| Count | Date – On or About | Wire Communications From and To | Description |
|-------|--------------------|---------------------------------|-------------|
| 4 | 06/12/2012 | Wells Fargo Bank, N.A. to Zions First National Bank | Settlement of Zions First National Bank Check Number 6118, dated June 5, 2012, for $6,144.56, account holder Johnson International, Inc., Scottsdale, Arizona, payable to the unindicted coconspirator and deposited into a Wells Fargo Bank, N.A. account. |
| 5 | 07/11/2012 | First Fidelity Bank to Wells Fargo Bank, N.A. | Settlement of Wells Fargo Bank, N.A., Check Number 1505, dated June 29, 2012, for $3,500.00, account holder the unindicted coconspirator, payable to, and endorsed by, defendant SHERRY ANN PIERCE, and deposited into a First Fidelity Bank account. |

| Count | Date – On or About | Wire Communications From and To | Description |
|---|---|---|---|
| 6 | 07/31/2012 | Defendant SHERRY ANN PIERCE to Coconspirator Acting as a Consultant | An email in which defendant SHERRY ANN PIERCE, via cox.net, stated to the unindicted coconspirator, via msn.com, "[I]'ve really enjoyed working with you and getting to know you better.  Gary told me about his conversation about this with Jim so I was already aware.  I'm assuming since it's as of August 1st that I should send you the invoice for July? It's attached but let me know……" |
| 7 | 08/06/2012 | Wells Fargo Bank, N.A. to Zions First National Bank | Settlement of Zions First National Bank Check Number 6128, dated August 3, 2012, for $6,027.48, account holder Johnson International, Inc., Scottsdale, Arizona, payable to the unindicted coconspirator, and deposited into a Wells Fargo Bank, N.A. account. |
| 8 | 08/09/2012 | The Unindicted Coconspirator to Defendant SHERRY ANN PIERCE | An email in which the unindicted coconspirator, via msn.com, advised defendant SHERRY ANN PIERCE, via cox.net, "[J]ust got my final check in the mail while I was in Tucson so will get a check out to you tomorrow." |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

A TRUE BILL

/s/

FOREPERSON OF THE GRAND JURY
Date:  May 23, 2017

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

/s/

FREDERICK A. BATTISTA
FRANK T. GALATI
Assistant U.S. Attorneys

- 17 -