IVAN K. MATHEW (SBN 011610)
SUSAN TURNER MATHEW (SBN: 012916)
**MATHEW & ASSOCIATES**
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona  85016
Telephone:  (602) 254-8088
ikmathew@mathewlaw.com
satmathew@mathewlaw.com
Attorneys for Defendant *James Norton*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00713-PHX-JJT (JZB) |
| Plaintiff, | |
| v. | **REPLY TO GOVERNMENT'S RESPONSE (DKT 40) TO DEFENDANT NORTON'S MOTION TO COMPEL DISCOVERY (DKT 36)** |
| James Franklin Norton, *et al.*, | |
| Defendants. | (Assigned to the Hon. John J. Tuchi) |

Let us put to rest right away the 302 and recording issues: defendant recordings and FBI 302s must be released without a protective order. *United States v. Calderon*, 2014 WL 1401941, *3 (C.D. Cal.) (unpublished opinion 4/8/14) *(citing *United States v. Arredondo* and Ninth circuit authority). The *Calderon* court denied the government's request for a protective order covering 302s and recordings. *Id.* Contrary to the government's claim, *Arredondo* was clearly based upon Ninth Circuit authority. *United States v. Arredondo*, 2012 WL 1946955 (D. Arizona) (unpublished opinion 5/20/12) (Government-initiated stipulated motion for protective order denied).

The government's June 22, 2017, email didn't even mention *Arredondo*. DKT 34-3. *Arredondo* is relegated to footnote status in its Response. (DKT 40, fn. 3). The government's Counsel in this case was government Counsel in *Arredondo*.

Even the government's cited authority requires it to show a particularized, not speculative, harm before a protective order can issue. *In Re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424-25 (9th Cir. 2011). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Ind., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992).

The government seeks to protect recordings of Defendants. A protective order is not appropriate when the person sought to be silenced already has independent knowledge of what occurred. *Butterworth v. Smith,* 494 U.S. 624, 634, 110 S.Ct. 1376, 1382-83 (1990) (reputational damage not enough). Recordings of Defendants and their 302 interview reports are obviously based upon their statements or statements made in their presence.

The government acknowledged that Fed. R. Civ. P. 26(c) provides the framework for the issuance of protective orders. However, it ignored *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir 2003) (protective orders should not issue absent proof of each particular document and the specific prejudice or harm that will result) and *In Re Roman Catholic Archbishop*, 661 F.3d at 424-25 (blanket protective orders are by their very nature overbroad); nor did the government rebut the edict that "it is well established that the fruits of pretrial discovery" are presumptively public. *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Other authority cited by the government are not helpful to its claims. In *Kamakana*, the Ninth Circuit reiterated that reputational harm was not enough, particularity was

required. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In *Patkar*, the decision not to release information was rooted in the Crime Victims' Rights Act. *United States v. Patkar*, 2008 WL 233062 (D. Hawai'i) (unpublished opinion 1/28/08). No such statute is implicated here. The government incorrectly states that no legitimate reason was given for disclosure. On or about June 19, 2017, undersigned Counsel notified the government that Mr. Norton wanted to use the discovery with potential clients and employers. Mr. Johnson and Mr. Pierce will need to use the information in ongoing Arizona Corporation Commission proceedings and rate lawsuits.

In its June 22, 2017 email, the government states that it will redact PII. Yet in its motion, the government states that it does not want to redact records. DKT 40, p. 8, lns. 18-20. It appears the government has changed its mind.

The government avers it has only one recording and only two FBI 302s pertaining to this case. DKT 40, p. 2. It has fourteen 302s, and ten recordings in total. *Id*. There are reports of six collected items. *Id.* Chain of custody reports for financial records are not confidential. The government also contends five items containing records and emails contain PII. *Id.* at p. 3. The Defendants know their own and each other's email addresses and that of Kelly Norton. It would be rather odd to issue an order precluding the Defendants from disclosing their addresses to each other.

The financial records certainly include the financial documents of the Defendants. It would be rather bizarre to issue an order to preclude the Defendants from disclosing their own bank records to themselves or anyone else they want to disclose it to.

While the government complains about the Pierces activity, what did the government do? It had no problem divulging references to its second, "bigger

investigation" in *its own pleading.* DKT 40. "[T]here is a much larger and more intense investigation." *Id.,* p. 3-4. Defendants were "interviewed by the FBI regarding the larger and ongoing investigation." *Id.,* p.6. "The larger investigation is unrelated to [your] case." *Id*., p. 3. The government acknowledges the investigation is public knowledge. *Id.,* p. 7. When the information the government seeks to protect can be easily surmised from the public record, a protective order is meritless and should not be issued. *CBS, Inc. v. U.S. District Court,* 765 F.2d 823, 825-26 (9th Cir. 1985).

Incredibly, we now know, the government indicted this corruption case based on one recording and two 302s. DKT 40. The squeeze play failed. Defendants oppose the government's "dark justice." Sunshine is a powerful disinfectant.

## Conclusion

The government's obstruction of the mandated disclosure of information violates the Defendants' Fifth and Sixth Amendment rights. Defendant James Norton's Motion to Compel should be granted. The government's Motion for Protective Orders should be denied. Defendant Norton joins in the Replies of the Co-Defendants.

It is expected that excludable delay pursuant to 18 USC § 3161(h)(1)(F) will occur as a result of this Reply or an Order based thereon.

RESPECTFULLY SUBMITTED this 19th day of July, 2017.

MATHEW & ASSOCIATES

By:  /s/ Ivan K. Mathew
        Ivan K. Mathew
        Attorneys for *Defendant James Norton*

4

1    ORIGINAL e-filed and COPY of the foregoing
2    served via the CM/ECF System or U.S. Mail on
     July 19, 2017, to:
3
     Elizabeth A. Strange, U.S. District Attorney
4    Frederick A. Battista, Assistant U.S. Attorney
     Frank T. Galati, Assistant U.S. Attorney
5    Two Renaissance Square
6    40 N. Central Ave., Ste. 1200
     Phoenix, Arizona 85004
7
     Patricia A. Gitre
8    Patricia A. Gitre, P.L.C.
     801 N 1st Avenue
9    Phoenix, AZ 85003
10   Attorneys for *Defendant Gary L. Pierce*

11   Woodrow Thompson
     Jay S. Volquardsen
12   Hannah H. Porter
     Gallagher & Kennedy, P.A.
13   2727 East Camelback Rd
     Phoenix, AZ 85016-9225
14   Attorneys for *Defendant George H. Johnson*

15   Ashley D. Adams
16   Ashley D. Adams, P.L.C.
     8245 N. 85th Way
17   Scottsdale, AZ 85258
     Attorneys for *Defendant Sherry A. Pierce*
18

19   */s/ Susan Turner Mathew*
20   Susan Turner Mathew

21

22

23

24

25

26