ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Gary Leonard Pierce, et al.,<br><br>　　　　　Defendants. | CR-17-00713-PHX-JJT (JZB)<br><br>**RESPONSE TO DEFENDANT NORTON'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT**<br>**[Doc. 83]** |

　　　　Defendant Norton has filed a Motion to Strike Surplusage from Indictment. [Doc. 83]. Pursuant to the applicable law, it is Norton's burden to show that the objected-to provisions of the Indictment are irrelevant or immaterial and unfairly prejudicial. Norton's motion fails to do so and should be denied on that ground. However, denial is mandated for a most basic reason: Norton cannot be prejudiced because the Indictment will neither be read nor provided to the jury. Additionally, the motion should be denied because it is premature and does not present argument grounded in the Rules of Evidence.

## ARGUMENT

　　　　Rule 7(d), Fed.R.Crim.P., provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment…." The advisory committee notes of Rule 7(d)

state that this rule "introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial. The authority of the court to strike such surplusage is to be limited to doing so on defendant's motion, in light of the rule that the guaranty of indictment by a grand jury implies that an indictment may not be amended…."

Rule 7(d) is designed to "protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F. 2d 535, 544-545 (9th Cir. 1983). *See United States v. Thomas*, 875 F.2d 559, 562 (6th Cir. 1989) (noting that the language in the indictment cannot be considered surplusage, no matter how prejudicial, if it contains information that the government hopes to properly prove at trial); *United States v. Hedgepath*, 434 F.3d 609, 612 (3d Cir. 2006) (holding that "information that is prejudicial, yet relevant…and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion."); *United States v. Montour*, 944 F.2d 1019, 1026 (2d Cir. 1991)(holding that an overt act should not be stricken from an indictment if it is relevant to the alleged conspiracy). Norton makes several generalized and unsupported allegations that various portions of the Indictment are prejudicial. Such bald and conclusory allegations are insufficient. The motion fails to demonstrate that the Indictment contains inflammatory or prejudicial allegations that are irrelevant or immaterial to the charges of Conspiracy, Bribery, Mail Fraud and Wire Fraud.

**1. There can be no prejudice if the Indictment is neither read nor furnished to the jury**. There can be no unfair prejudice to Norton if the Indictment is not read nor furnished to the jury. *United States v. Hedgepeth*, supra at 613; *United States v. Prejean*, 429 F.Supp.2d 782 (E.D.La.2006)(summary of Indictment read to jury); *United States v. McVeigh*, 940 F.Supp. 1571 (D.Colo. 1996) (motion to strike surplusage premature where court did not intend to provide copies of Indictment to jurors). The practice in this district is that lengthy indictments are neither read nor provided to the jury. Rather, such indictments are summarized for the jury at the start of trial and the specific allegations are

detailed as part of the final jury instructions. On this basis alone, Norton's motion should be denied.

Additionally, Norton's motion is clearly an attempt to have this Court declare on the pleadings alone that certain evidence is irrelevant or prejudicial. While Norton has not yet said so, it is evident that Norton's goal is to preclude from the trial the factual allegations set forth in the objected-to paragraphs of the indictment. Yet Norton has advanced no argument under the Rules of Evidence. He offers the court no Rule 401, 403, or 404(b) analysis. This tactic highlights the sensible holding of the *McVeigh* case: this motion is "premature," especially when it is highly unlikely that the Indictment will be read or furnished to the jury. Objections at trial or pretrial motions *in limine* are the proper vehicle to employ to limit the presentation of evidence.

**2. Paragraphs 8 through 12 allege relevant, material and non-prejudicial background facts about defendant Johnson's prior dealings with defendant Gary Pierce and the Corporation Commission.** Norton's argument concerning paragraphs 8, 9, 11 and 12 is devoid of analysis and presents nothing more than the conclusory allegations that the facts set forth "have nothing to do with the elements of the crimes charged…are prejudicial, and…[are] time-barred by the Statute of Limitations." Motion, at 4. These claims are meritless and should be denied.

Paragraphs 8, 9, 11 and 12 are relevant and material to the substantive allegations in Counts 1 through 8 of the Indictment. The heart of the indictment is a conspiracy among the four defendants to bribe defendant Pierce in exchange for Pierce taking official actions that benefitted defendant Johnson. The United States intends to properly prove each of the matters asserted in paragraphs 8, 9, 11 and 12.[1] As such, those paragraphs should not be stricken. *United States v. Thomas, supra.*

---

[1] To be clear, the United States intends to properly prove each allegation of fact set forth in the indictment. We will not repeat this assertion in the remaining paragraphs of this response.

Paragraph 8 alleges that in 2010 the Corporation Commission, including then Commissioner Pierce, denied defendant Johnson's request that (a) he, as a utility owner, be permitted to pass his personal income tax expenses through to his ratepayers and (b) Johnson Utilities be granted a huge rate base increase to more than $17,000,000. The unanimous Corporation Commission found defendant Johnson's income tax pass through proposal to be "not reasonable." The Commission also found the "fair value of the Company's wastewater division rate base is $136,562." The Commission adopted these positions after receiving recommendations from both the Residential Utility Consumer Office (RUCO) and its own staff. The government intends to call ACC professional staff members as witnesses to explain to the jury, among other things, the significance of those facts alleged in paragraph 8, and the role that ACC professional staff plays in the commissioners' consideration of matters that come before them.

Clearly, paragraph 8 alleges facts that are central to the motive for the conspiracy to bribe, i.e., defendant Johnson sought to obtain through bribery what was denied him in 2010. Evidence that bears on motive is relevant, material, and not unfairly prejudicial. Accordingly, it need not be stricken as surplusage. *See United States v. Berroa*, 856 F.3d 141, 157 (1st Cir. 2017); *United States v. Caruso*, 948 F.Supp. 382, 392 (D.N.J. 1996) (language that is relevant in a general sense to the overall scheme will not be stricken as surplusage).

Norton's claim that the events alleged in paragraph 8 should be stricken because they occurred outside the limitations period is frivolous. The applicable limitations statute, 18 U.S.C. § 3282, does not prohibit proof of facts that occurred outside of the statute. It prohibits prosecution for crimes that occurred outside of the limitations period. *See Toussie v. United States*, 397 U.S.112, 114, 90 S.Ct. 858, 860 (1970) ("The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time

following the occurrence of those acts the legislature has decided to punish by criminal sanctions.").[2]

Paragraphs 9 through 12 allege that in 2011, 2012 and 2013, defendant Pierce was instrumental in revisiting the two matters that were decided against defendant Johnson in 2010. The conspiracy alleged in Count 1 encompasses 2011, 2012 and 2013.

Paragraph 9 sets forth the actions defendant Pierce took to benefit defendant Johnson. The government will call witnesses, including the dissenting commissioner and ACC professional staff, who will testify that defendant Pierce changed his position on both the rate base of Johnson Utilities and the future pass through of personal income tax expense to ratepayers, although "no additional evidence" was presented to the ACC staff or commissioners on these issues.

Paragraph 11 alleges relevant facts. That ACC staff "recommend[ed] continuation of the Commission practice to not recognize income taxes as a component of the cost of service" to utility customers shows that defendant Pierce did not support defendant Johnson upon the opinion of the ACC's professional staff. The government's evidence will show that in the exercise of his official duties, defendant Pierce: (a) personally initiated reconsideration of the ACC's two 2010 decisions that were adverse to defendant Johnson; (b) ultimately changed his position on those two matters to the benefit of defendant Johnson, (c) reversed his position without the benefit of any additional material evidence being presented to him or to the ACC's professional staff; and (d) reversed his position without the recommendation of the ACC's professional staff. The factual allegation of paragraph 11 is relevant and material because it "has any tendency to make [it] more…probable," Rule 401, Fed.R.Evid., that defendant Pierce took these actions because defendant Johnson bribed him.

---

[2] Norton makes the same specious statute of limitations claims about the allegations of paragraphs 9, 16, 17, 20, 21, 22, 23, 24, 57, 59, 62. For the same reasons expressed here, those claims are legally frivolous and should be denied.

Paragraph 12 plainly alleges relevant facts. It describes the final action taken by defendant Pierce and his fellow commissioners regarding the pass through of utility owners' personal income tax expenses to their ratepayers. The government intends to call the dissenting commissioner to, among other things, explain the significance of this vote.

**3. Paragraphs 15 through 18 properly describe the object of the conspiracy and the scheme to defraud**. Norton seeks to strike the portion of paragraph 16 that describes the benefit that defendant Johnson received in exchange for the bribe paid to defendant Pierce. It is difficult to imagine a circumstance in which it is improper to allege what the person paying a bribe received in exchange for the bribe. A failure to do so would undoubtedly cause the defense to request of the government a bill of particulars. The objected-to phrase is plainly relevant.

Norton seeks to strike from paragraph 17 a phrase that alleges that as part of the overall scheme to bribe defendant Pierce, Norton was involved in a proposed purchase of land for Pierce, said land to be paid for by defendant Johnson.[3] Norton appears to claim that one of the coconspirators did not agree to participate in the purchase of land for Pierce and, therefore, no conspiracy exists. Assuming *arguendo* these facts to be true, it is of no moment. It is well settled that coconspirators need not participate in every overt act committed in furtherance of a conspiracy and need not agree with every means undertaken to accomplish the conspiracy.[4] Rather, each coconspirator must agree to commit a substantive criminal offense and possess the requisite criminal intent to do so. *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016); *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004).

---

[3] Specific actions taken to acquire the land for Pierce are alleged as overt acts in ¶¶ 35, 36 and 57 of the Indictment.

[4] Ninth Circuit Model Jury Instruction 8.20 summarizes blackletter conspiracy law and says, in pertinent part: "…it is not necessary that the conspirators …agreed on every detail of the conspiracy" and each conspirator need not "have full knowledge of all of the details of the conspiracy." [Ninth Circuit] Manual of Model Jury Instructions (2010 edition, updated Dec. 2017), at 165.

**4. Paragraphs 19 through 55 allege overt acts undertaken by one or more of the coconspirators to accomplish the object of the conspiracy.** Norton seeks to strike in their entirety paragraphs 20, 21, 22, 23 and 24. The motion claims that each must be stricken as irrelevant, prejudicial and time-barred. There is no merit to any of these assertions.

As stated, the paragraphs allege and describe in some detail overt acts taken by one or more of the coconspirators to accomplish the object of the conspiracy. Norton's unsupported claim that each of these overt acts "has nothing to do with the elements of the crimes charged" is frivolous. Overt acts are steps taken to accomplish the object of the conspiracy. Overt acts need not be unlawful acts themselves. Additionally, none of the overt acts is alleged in an inflammatory or unfairly prejudicial way. *Cf. United States v. Marshall*, 985 F.2d 901 (7th Cir.1993) (a lengthy indictment alleged 94 overt acts that were alleged in language that was neither inflammatory nor prejudicial; allegations were not immaterial because they delineated with great specificity the allegations against defendant). Each of the objected-to overt acts is "relevant to the alleged conspiracy when viewed in light of all the evidence" and, therefore, "should not be stricken." *United States v. Montour*, *supra* at 1026.

Norton's claim that the overt acts must be stricken as surplusage because they allegedly occurred outside the statute of limitations is likewise frivolous. *See United States v. Chhun,* 744 F. 3d 1110, 1122 (9th Cir. 2014) ("[a]ctions that cannot be prosecuted because of the statute of limitations can be considered part of an ongoing conspiracy so long as one overt act in furtherance of the conspiracy occurred during the limitations period.") (citing *United States v. Wilbur*, 674 F.3d 1160, 1176 (9th Cir. 2012)).

**5. Norton's claims regarding paragraphs 35, 36, 57, 59, and 62 are likewise without merit.** Norton seeks to have all or portions of paragraphs 35, 36, 57, 59 and 62 stricken based upon the same arguments addressed *infra*: (a) that certain allegations of fact must be stricken because they allegedly occurred outside the statute of limitations, and (b) that references to defendant Pierce's attempt to purchase land with Norton's help and

defendant Johnson's money somehow constitute an uncharged and different conspiracy. For the reasons set forth above, that argument fails and should be denied.

## CONCLUSION

For the reasons stated in this response, the United States respectfully requests that Norton's Motion to Strike Surplusage be denied.

Respectfully submitted this 2nd day of February, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

s/*Frank T. Galati*
FREDERICK A. BATTISTA
FRANK T. GALATI
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre
Attorney for defendant Gary Leonard Pierce

Hannah Hatch Porter
Jay Steven Volquardsen
Woodrow Charles Thompson
Attorneys for defendant George Harry Johnson

Ivan Kurian Mathew
Attorney for defendant James Franklin Norton

Ashley D. Adams
Attorney for defendant Sherry Ann Pierce

s/*Gaynell Smith*
U.S. Attorney's Office