IVAN K. MATHEW (SBN 011610)
SUSAN TURNER MATHEW (SBN 012916)
**MATHEW & ASSOCIATES**
6245 N. 24th Parkway, Suite 207
Phoenix, Arizona 85016
Telephone: (602) 254-8088
ikmathew@mathewlaw.com
satmathew@mathewlaw.com

Attorneys for Defendant *James Norton*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-17-00713-PHX-JJT (JZB) |
| Plaintiff, | |
| v. | **DEFENDANT JAMES NORTON'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT** |
| JAMES FRANKLIN NORTON, *et al.*, | |
| Defendants. | **[Doc. 83], [Government's Response Doc. 84]** |
| | *(Assigned to the Hon. John J. Tuchi)* |

In *United States v. Renzi* 2009 U.S. Dist. Lexus 35622 (D. Ariz. April 10, 2009), a bribery case originating from the District of Arizona, the trial court struck surplusage language from the indictment. Specifically, in *Renzi*, the court struck allegations in the indictment related to civil laws and internal ethical rules of the House of Representatives. The court explained this was to prevent unfair prejudice and confusion. *Id.* In *Renzi*, The

1

District Court upheld the magistrate's ruling, because the stricken allegations were not essential facts necessary to prove the charges of bribery. *Id.* In this case, the government response does not identify what is a charged offense and what are acts which they consider to be merely collateral acts. The government asserts that Statute of Limitations barred transactions should not exclude "proof of facts." The government's claim that the indictment, laced with extraneous material, is not prejudicial to the defendant is mistaken. An indictment must provide a defendant with a description of the charges against him sufficient: (1) to enable him to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy against a later prosecution; and (4) to inform the court of the facts alleged so that it can determine the sufficiency of the charge. *United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir.), *cert. denied*, 461 U.S. 960, 77 L. Ed. 2d 1321, 103 S. Ct. 2436 (1983); *see also United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir. 1980), *cert. denied*, 447 U.S. 928, 100 S. Ct. 3026, 65 L. Ed. 2d 1122 (1980).

The government has taken matters that have occurred in 2010 and importantly August 2011 and haphazardly thrown them in the Indictment leaving for the defendant to figure out, at his peril, if such activity is a charged offense which he must defend against. It is difficult to identify what is charged versus uncharged conduct. It makes it difficult to guard for a unanimous jury verdict. The indictment as set forth makes it impossible to guard agaisnt double jeapordy.

The government has taken matters which occurred outside the five-year Statute of Limitations and shoved them into the Indictment in hopes of avoiding the Statute of Limitations bar. 18 U.S.C. §3282. The government's response shows that the activities in

2010 and August 2011 are not substantive charges and therefore not an element of the offense. The defendant cannot determine whether the 2010 and 2011 activities are offenses he must defend at trial. The government's failure, in its response, to identify with certainty whether or not the items requested to be stricken are charged offenses or not implicates the defendant's right to only be charged and go to trial on charges as handed down by the Grand Jury. The prosecutor is not allowed to alter the theory of liability of that rendered by the Grand Jury.

Furthermore, an Indictment is not a Trial Memo. An indictment is not to be used to tell the government's story.

An example of the existing prejudice, in this case, is Count 2, Indictment Paragraph 17. The defendant has requested that the portion of the real estate email be stricken. First, it is over five-years-old. Two, the transaction was never completed as such it was terminated. If it is terminated and outside of the five-year period, there is no relevance from an element of the crime perspective. The government refers to the transactions as "possible." The fact that the government would like to use the transaction at trial to show "motive" or "proof of facts" is of no moment because the defendant at this point is trying to figure out if Indictment Paragraph 17 has one crime or more crimes alleged. The defendant is confronted with a count that is potentially duplicitous. (Count 2, Indictment Paragraph 17). However, if the real estate transaction is stricken as not being part of the charged element, then he would not have to file a Motion to Dismiss Count 2 as being duplicitous.

Moreover, if the real estate transaction is stricken, then the defendant does not need to worry about trying to identify the theory of liability of real estate transaction that never

took place. The danger to the defendant in going forward with this Indictment is a clear and present danger which jeopardizes his Constitutional rights.

Furthermore, the government's inclusion of the Arizona Corporation Commission's staff's opinion in an Indictment is not an element of the offense. It should be stricken. *See Renzi, Supra*. The sole dissenting vote of a Corporation Commissioner is, again, not an element of the offense. It should be stricken. *Id.* Furthermore, comments by a regulatory consumer watchdog agency (RUCO) is similarly not part of the element of the offense. It also should be stricken. *Id.* It is highly doubtful that these opinions will come in at trial, but that is not the question at this stage. However, they should be stricken as they are not an element of the offense. *Id.*

The government has not shown how anything in August 2011 or prior is part of any conspiracy. As the government has not proffered why matters in August 2011 or prior are an element of the offense, they should be stricken. The danger to the defendant is that matters related to no conspiracy causes confusion and blurs the issues. This could result in erroneous rulings as co-conspirator statements, and erroneous rulings as the marital statements made by the unindicted Co-Conspirator Kelly Norton.

Where an indictment contains prejudicial surplusage, the appropriate remedy is to strike the surplusage. *See United States v. Goodman,* 285 F.2d 378, 379 (5th Cir. 1960. An assertion that is not one of the elements of the charged offense is surplusage. *United States v. Hughes,* 766 F.2d 875, 879 (5th Cir. 1985) and the defendant may seek to compel its deletion. *Id*. It is not appropriate for the government to include unnecessary language in the Indictment as background information. "The proper course is to move to strike" unnecessary allegations that prosecutors attempt to insert for "color" or "background" hoping to

4

"stimulate the interest of the jurors." C. Wright, Federal Practice and Procedure: Criminal §127 (2003). "The inclusion of clearly unnecessary language is an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the sperate counts involved surely can be prejudicial" and should be stricken. *United States v. Bullock,* 451 F.2d 844, 888 (5th Cir. 1971).

The inherent danger in a multi-defendant conspiracy is well documented is that individuals who are not actual members of a conspiracy who are not members of the conspiracy will be swept into the conspiracy. *See Model Jury Instruction* 8.22 (Multiple conspiracies). This danger is compounded when the Grand Jury indicts one theory of the illegal conduct, but the government prosecutes the case on an entirely different theory. This roaming theory of the prosecution can produce trial errors of Constitutional proportions. *Russell v. United States* 369, US 749, 768, 82 S. Ct. 103 8 (1962). In *Russell,* the Supreme Court held that ill-defined charges leave "the prosecution to roam at large – to shift its theory of criminality to take advantage of each passing vicissitude of the trial and appeal." *Id.*

The government also states that 18 U.S.C. § 3282 does not prohibit "proof of facts" that occurred outside of the statute of limitations period. "Proof of facts" is not the issue. The issue is what is the crime that is charged that the defendant must defend against. The government then cites *Toussie v. United States* 397, US. 112, 114, 90 S. Ct. 858 860 (1970) as support for its proposition.[1] The Supreme Court in *Toussie* cautioned that a continuing offense doctrine "should be applied only in limited circumstances." *Id* at 115. The Supreme explained "that continuing offenses are not to be readily found." *Id* at 116. Once again the

---

[1] After the *Toussie* decision Congress amended 50 U.S.C § 462(d); however, that has no bearing on this case.

5

government misses the boat. Generally, a statute of limitations will begin to run when a single criminal act is complete. *Toussie v. United States*, 397 U.S. 112, 114-15 (1970).

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.

*Id.* Criminal limitations statutes "are to be liberally interpreted in favor of repose." *Id.*

Time-barred activities need to be stricken from the indictment so the defendant does not have to defend against them. In interpreting an 18 U.S.C. § 666 case, the Seventh Circuit declined to allow the Government to ignore the five-year Statute of Limitations simply by declaring that certain behavior amounted to a "course of conduct." *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999). Also, the Ninth Circuit, in *United States v. Lazarenko*, 564 F.3d 1026, 1036 (9th Cir. 2009), has held that when calculating the statute of limitations, when the transaction is over, it is terminated. *Id.*

In *Renzi,* Judge Bury held, insofar as the language of an indictment goes beyond alleging elements of the crime, that need not be proved, surplusage must not be allowed to prejudice a defendant. *Renzi, Supra.* The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are not relevant nor material to the charges. *Id.* The court found the strikes were required to prevent prejudice, and because the stricken allegations were not essential acts necessary to prove the charges against the defendant. *Id.*

## **CONCLUSION**

Based upon the above authorities, lack of Government's response, the motion should be granted. Matters that are surplusage should be stricken. Just like this court did in *Renzi*.

RESPECTFULLY SUBMITTED this 8th day of February, 2018.

MATHEW & ASSOCIATES

By: /s/ *Ivan K. Mathew*
     Ivan K. Mathew
     Attorneys for *Defendant James Norton*

ORIGINAL e-filed and COPY of the foregoing
served via the CM/ECF System or U.S. Mail on
February 9, 2018, to:

Elizabeth A. Strange, U.S. District Attorney
Frederick A. Battista, Assistant U.S. Attorney
Frank T. Galati, Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Ste. 1200
Phoenix, Arizona 85004

Patricia A. Gitre
Patricia A. Gitre, P.L.C.
801 N 1st Avenue
Phoenix, AZ 85003
Attorneys for *Defendant Gary L. Pierce*

Woodrow Thompson
Hannah H. Porter
Gallagher & Kennedy, P.A.
2727 East Camelback Rd
Phoenix, AZ 85016-9225
Attorneys for *Defendant George H. Johnson*

Ashley D. Adams
Ashley D. Adams, P.L.C.
8245 N. 85th Way
Scottsdale, AZ 85258
Attorneys for *Defendant Sherry A. Pierce*