ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004-4408
Telephone: 602-514-7500
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-0713-PHX-JJT |
| Plaintiff, | **RESPONSE TO MOTION TO STRIKE TESTIMONY OF THOMAS BRODERICK** |
| v. | **[Doc. 90]** |
| Gary Leonard Pierce, et al., | |
| Defendants. | |

On February 12, 2018, the United States gave notice of its intent to call as a witness Thomas M. Broderick, the former Director of the Utilities Division of the Arizona Corporation Commission and a former Director of Rates and Regulation for two regulated Arizona water utilities. Ten days later, defendant Sherry Ann Pierce filed what she styled a Motion to Strike the Testimony of Thomas Broderick. (Doc. 90).[1] The motion, which includes allegations of fact that are patently immaterial to assessing Mr. Broderick's proffered testimony,[2] is without legal merit and should be denied. The position of the

---

[1] Mr. Broderick has not testified; hence, there is not testimony to strike. This response, therefore, treats the motion as one to preclude Mr. Broderick's testimony.

[2] The point of Ms. Pierce's motion is to prevent Mr. Broderick from testifying at trial. Accordingly, her purported factual defenses to the Indictment, which she sets out in

United States is set forth with particularity in the pages that follow.

**1. PREFACE.**

The United States retained Mr. Broderick in September 2017 "to analyze ACC [Arizona Corporation Commission] records pertaining to Johnson Utilities from the inception of the company and its regulation by the ACC until Commissioner Gary Pierce was no longer a member of the ACC. . . ." He provided "analysis of actions taken by the ACC during the conspiracy period . . ." and "expert input" to the government "regarding the operations and procedures of the ACC."[3] In February 2018, the United States noticed Mr. Broderick as an expert witness and disclosed to defendants a document entitled "Opinion of Thomas M. Broderick," along with his *curriculum vitae*. (Doc. 87). Included in that document are several opinions that are based, in part, upon Mr. Broderick's specialized knowledge and experience.

In keeping with his charge to analyze records pertaining to Johnson Utilities from the beginning of its regulation by the ACC, Mr. Broderick has read and reviewed "official ACC case records available on the ACC's website . . . available video and audio recordings of ACC open meetings and staff meetings . . . and by ACC responses to Plaintiff records requests in this case."[4] Mr. Broderick is expected to testify that his review encompassed several thousand pages of pertinent ACC records and approximately 20 or more hours of audio and video recordings of ACC hearings and meetings. Mr. Broderick has summarized those voluminous documents and hours of audio and video recordings as part of his written

---

footnotes 1, 3 and 4, are immaterial to resolution of the motion. Additionally, in footnote 1 she gratuitously attacks the credibility of a witness who is not germane to this motion (Fn. 1, at 2, lines 21-22). Because nothing in footnote 1 is material to issues at hand, the Government does not reply in full here. However, the United States does respectfully ask that the worst of defendant's footnote--the last sentence–be stricken because it is both immaterial and scurrilous.

[3] *Opinion of Thomas M. Broderick*, (hereinafter "*Broderick Opinion*") (Doc. 90-1), at 12.

[4] *Id.* at 3.

opinion.[5]

Moreover, Mr. Broderick's review of the aforementioned official records of the ACC and of audio and video recordings of public meetings of the ACC allowed him to make perceptive and helpful observations of the actions of the ACC commissioners as they addressed issues pertinent to matters set forth in the Indictment. Based upon those observations, Mr. Broderick has formed opinions that are both relevant and material to the issues presented in this case. These are opinions that require no specialized knowledge or training. They are lay opinions and some of them are contained in Mr. Broderick's document.

**2. DEFENDANT SHERRY PIERCE'S MOTION TO STRIKE.**

In its nine substantive pages, Defendant's motion offers little to support its stated purpose. In Section I, defendant recites the charges of the Indictment and offers some comments about "The Opinion of Thomas M. Broderick." Section II is devoted to a general recitation of law that pertains to expert witness testimony.

Section III (A) objects that Mr. Broderick's opinion includes a summary of ACC records. In Section III (B), after objecting that Mr. Broderick is not one of "[t]he best witnesses" to testify for the Government about the ACC's consideration of matters involving Johnson Utilities, defendant identifies specific purported opinions of Mr. Broderick that she seeks to "strike." They are: (a) that Mr. Broderick "seems to suggest" that other commissioners were "unduly influenced" by defendant Gary Pierce;[6] and (b) that Mr. Broderick opines on the "state of mind" of commissioners who voted on certain matters and "as to *why* the Commissioners voted the way they did . . .".[7]

Section III (C) is the last substantive portion of the motion. It states that

---

[5] *Id*. at 3-12.

[6] Def.'s Motion (Doc. 90), at 7:3-5.

[7] *Id*. at 7:7-12.

Mr. Broderick's opinion is "not entirely clear," but because the unclear opinion "appears to opine that Mr. Pierce did something improper,"[8] it invades the province of the jury.

### 3. MR. BRODERICK'S ACTUAL OPINIONS AND PROPOSED TESTIMONY.

● **Mr. Broderick's purported opinions.** Before discussing Mr. Broderick's actual proposed testimony, the Government offers this brief response to defendant's complaints about his purported opinions.[9] Simply put, Mr. Broderick has not expressed such opinions and it appears defendant created them from whole cloth in support of her motion. The United States will not elicit or seek to elicit such testimony from Mr. Broderick.

● **Rule 702 expert opinion testimony.** Mr. Broderick will offer testimony that is admissible pursuant to Federal Rule of Evidence 702 (expert opinion testimony). Mr. Broderick has broad experience and specialized knowledge of the workings of the Arizona Corporation Commission ("the ACC") and the regulation of utilities from both the inside[10] and the outside.[11] Among many other things, Mr. Broderick has prepared and presented rate cases by water utilities to the ACC. Conversely, he has overseen the work of the ACC utility division staff as it conducts a rate case, gathers and analyzes evidence, and makes its recommendations to the Commission members.

Utilization of his broad experience and specialized knowledge of utility regulation will allow Mr. Broderick to offer Rule 702 expert testimony that, for example, explains to the jury the "regulatory process" that led to (1) reversal of an "ACC policy since 1988, resulting in a rate increase to Johnson Utilities LLC ("JU") customers to start paying the personal income taxes of JU's owners . . ." and (2) "the re-opening, amending and revising

---

[8] *Id.* at 8:15-16.

[9] To be clear, we are referring to those purported opinions set out in Sections III (B) and (C) of the motion.

[10] He served as the Director of the Utilities Division of the ACC for approximately 16 months in 2015 and 2016.

[11] From 2004-2013, Mr. Broderick served as the director of rates & regulation for two Arizona water utilities that are regulated by the ACC, EPCOR and American Water.

- 4 -

of . . . JU rate case 08-0180, which also led to a rate increase . . . ."[12] Other examples[13] of likely testimony that will be admissible by virtue of Mr. Broderick's specialized knowledge, training and expertise include:

(1) his statement that defendant Gary Pierce undertook a number actions that "only an ACC commissioner can undertake in assisting to reach decisions in the ACC's regulatory process";[14]

(2) his conclusion that the ACC's decisions in Docket 06-0149 and 08-180 ultimately resulted in "significant financial benefits for JU by adversely increasing its rates to its customers";[15] and

(3) his conclusion that the ACC's action in docket 08-0180 to amend and revise its final Decision No. 71854 resulted in JU customers paying, on average, $6.56 more per month.[16]

In addition, Mr. Broderick has the experience, specialized knowledge and expertise to explain to the jury the meaning of official ACC documents that may contain arcane and technical language that is not within the common knowledge of lay people.

Based upon the foregoing, and the contents of Mr. Broderick's written opinion, Rule 702's mandate has been met. Mr. Broderick's specialized knowledge will "help the trier of fact to understand the evidence or to determine a fact in issue." His proposed testimony is based upon a thorough examination of the voluminous record of pertinent ACC proceedings. And, as the written opinion explains, Mr. Broderick's proposed testimony is the product of applying his specialized knowledge to the facts he learned by thoroughly

---

[12] *Broderick Opinion*, at 1.

[13] This is not an exhaustive list of expert opinions contained in document 90-1.

[14] *Broderick Opinion*, at 1.

[15] *Id.* at 2.

[16] *Id.* at 1-2.

reviewing these pertinent ACC matters. In addition, we submit, such methodology is reliable.

● **A witness who is an expert is not limited to expert testimony.** Mr. Broderick's written opinion contains more than proposed expert testimony. Mr. Broderick's observations, opinions, summaries and analyses need not all pass Rule 702 muster in order to be admissible. Mr. Broderick will also offer testimony that is admissible pursuant to Federal Rule of Evidence 701 (lay witness opinion testimony), and Federal Rules of Evidence 1006 and 611(a) (summary witness testimony). An otherwise qualified witness may properly do so. *United States v. Torralba-Mendia*, 784 F.3d 652, 659 (9th Cir. 2015); *United States v. Vera*, 770 F.3d 1232, 1246 (9th Cir. 2014); *United States v. Ollison*, 555 F.3d 152, 162-163 (5th Cir. 2009) (FBI agent testified as both a lay witness and summary witness); *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002) (same witness may testify as both an expert and lay witness); *United States v. Moore*, 997 F.2d 55 (5th Cir. 1993) (IRS agent testified in three capacities: a general tax expert, a lay witness to events leading to defendant's indictment, a summary witness).[17]

● **Rule 701 lay opinion testimony.** Mr. Broderick expresses several lay opinions in his written opinion. For example, regarding Docket No. 06-0149 and/or Docket No. 08-0180, Mr. Broderick opines that during the time period alleged in the Indictment, defendant, then Commissioner, Gary Pierce "led with supportive actions" that "far exceeded those of any other commissioner," and at one point expended "nearly singular efforts" to support the granting to Johnson Utilities of both a large increase in its rate base and the ability to pass to its customers the personal income tax burden of its owners.[18]

---

[17] The Ninth Circuit requires a cautionary jury instruction when "dual role" testimony is presented. *Vera*, 770 F.3d at 1246 (court's failure to instruct jury on how to evaluate agent's dual role testimony prejudiced defendant); *see also* MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT (2010 ed.) Instruction 4.14A, (Dual Role Testimony).

[18] *Broderick Opinion*, at 1, 3.

Characterizations of defendant Gary Pierce's conduct are lay opinions.[19] They are nonetheless admissible opinions because, as Rule 701 requires, they are rationally based upon Mr. Broderick's perception[20] and will be are helpful to the jury in determining a fact in issue (i.e., did defendant Gary Pierce take official actions on behalf of Johnson Utilities in exchange for a bribe).

As has been previously established, Mr. Broderick's perceptions were formed by reading the official ACC record of the two matters at issue and by listening to audio and watching video of ACC proceedings. In short, Mr. Broderick read about, saw and heard defendant Gary Pierce's conduct when considering the ACC matters that ultimately benefitted Johnson Utilities. Therefore, his opinions about that conduct are rationally based upon his perception. *United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) ("[A] lay witness's testimony is rationally based within the meaning of Rule 701 where it is based upon personal observation and recollection of concrete facts.") (internal quotation marks omitted); s*ee also United States v. Hoffner*, 777 F.2d 1423, 1426 (10th Cir. 1985). That Mr. Broderick's perceptions may not have been first hand impressions[21] is of no moment because he gained his perceptions from reading, seeing and listening to admissible evidence. *See United States v. Freeman*, 498 F.3d 893, 904-05 (9th Cir. 2007) (finding lay witness testimony regarding ambiguous statements to be proper even when it was based, in part, on the witness's "perception of several hours of intercepted [phone] conversations."); *see also United States v. Garcia*, 994 F.2d 1499, 1506-1507 (10th Cir.

---

[19] In a like manner, Mr. Broderick has opined that on July 28, 2010, defendant Gary Pierce made "relatively supportive statements and asked questions friendly to JU." *Id.* at 5.

[20] Mr. Broderick's perceptions were acquired by watching video and listening to audio of the ACC meetings that are pertinent to dockets 06-0149 and 08-0180, and by reading the official ACC record of what transpired during consideration of those matters.

[21] While the Government believe that the viewing and listening of recordings of actual events is the same as a first hand perception, the point need not be pressed in light of case law cited above.

1993) (firsthand knowledge requirement satisfied if witness perceives otherwise admissible evidence).

Lastly, Mr. Broderick's perceptions that defendant Gary Pierce "led with supportive actions" that "far exceeded those of any other commissioner," and at one point expended "nearly singular efforts" to benefit Johnson Utilities is admissible lay opinion because it is founded on Mr. Broderick's personal observations and examination of the evidence contained within the ACC's records, rather than on mere speculation. *See United States v. Gadson*, 763 F.3d 1189 (explaining that a witness's testimony "may fall outside the scope of Rule 701 if it is not based on the witness's perception" and instead "is based on speculation or hearsay"); *see also United States v. Freeman*, 619 F. 2d 1112, 1120 (5th Cir. 1980) (identification of defendant as a leader or in charge).

- **Rules 1006 and 611(a) summary testimony.** Defendant's motion concedes that Mr. Broderick has summarized "various documents, transcripts, and recordings related to matters before the Arizona Corporation Commission. . . ."[22] She further concedes that:

> [t]hese documents could be summarized by a case agent at trial, or any witness for that matter. The filings at issue are public records, admissible pursuant to F.R.E. 803(8), and thus no foundation need be laid.[23]

Such concessions lead to the ineluctable conclusion that Mr. Broderick is a perfectly capable summary witness as long as the content of these voluminous writings or recordings "cannot be conveniently examined in court." Fed. R. Evid. 1006.

Moreover, the Court may exercise reasonable control over the mode of presenting evidence in a way that is most effective in helping to determine the truth and in avoiding wasted time. Fed. R. Evid. 611(a)(2). Summarizing voluminous evidence is a recognized method of conserving time, particularly where the testimony is presented through an experienced witness who is intimately familiar with its contents.

---

[22] Def.'s Motion (Doc. 90), at 3:5-6.

[23] *Id.* at 6:4-6.

The Government has not yet decided to what extent it will seek to present evidence in a summary fashion, but the voluminous ACC records and recordings lend themselves to such presentation. Take, for example, Mr. Broderick's summary of the July 28, 2010 and August 11, 2010 open meetings of the ACC.[24] Mr. Broderick's opinion neatly summarizes those two meetings in four concise paragraphs. He will be able to succinctly summarize those two meetings in the same fashion during live testimony.

Another example is ACC Decision No. 71854 in Docket No. 08-0180, the Johnson Utilities rate case. This decision was rendered in August 2010 and is one of the ACC decisions that the Indictment alleges defendant Gary Pierce worked to reverse for the benefit of defendant George Johnson. Decision No. 71854 is 75 pages in length with four additional pages of appendices. The Decision's table of contents lists the subjects covered in the document. They include the following sampling: plant in service, affiliated profit, reasonableness of affiliate/related party transactions, fair value rate summary, contributions in aid of construction, the Central Arizona Groundwater Replenishment District, cost of capital/operating margin.[25]

Allowing a bevy of such documents to be presented in summary fashion by a witness who possesses the expertise to explain the document and its technical terminology to the jury is in keeping with the purposes of both Rule 1006 and Rule 611(a).

**4. CONCLUSION.**

Ms. Pierce's motion has not presented any convincing reasons why the Court should strike Mr. Broderick as a witness or preclude his testimony. Accordingly, we respectfully

//
//
//

---

[24] *Broderick Opinion*, at 4-5.

[25] The Table of Contents is attached as Exhibit 1.

request that the motion be denied.

Respectfully submitted this 21st day of March, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Frank T. Galati*
FREDERICK A. BATTISTA
FRANK T. GALATI
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
Attorney for defendant Gary Leonard Pierce

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
Attorneys for defendant George Harry Johnson

Ivan Kurian Mathew, Esq.
Attorney for defendant James Franklin Norton

Ashley D. Adams, Esq.
Attorney for defendant Sherry Ann Pierce

Christian C. M. Beams, Esq.
Attorney for Johnson Utilities, L.L.C.

*s/Gaynell Smith*
US Attorney's Office