ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona  85004
Telephone: 602-514-7500
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00713-PHX-JJT (JZB) |
| Plaintiff, | **RESPONSE TO JOINT MOTION TO DISMISS BASED ON FIRST AMENDMENT GROUNDS** |
| v. | **[Doc. 112]** |
| Gary Leonard Pierce, et al., | |
| Defendants. | |

Defendants have filed a Joint Motion to Dismiss Based on First Amendment Grounds. (Doc. 112). Defendants argue that the Indictment must be dismissed because it seeks to punish constitutionally protected political activities. (Defs.' Mot. at 1, 6; Doc. 112.) More specifically, they claim "George Johnson utilized Defendants Jim Norton, Kelly Norton and Sherry Pierce to lobby and gather information…" and nothing more. Motion at 6.  As framed by the defendants themselves, both their factual allegations and constitutional claims fail for two simple reasons: (1) defendants' make their constitutional claim by ignoring the actual allegations of the Indictment; and (2) defendants' claim of innocent political activity is but a factual defense; that is, a jury question.

The Indictment charges defendants with violations of 18 U.S.C. § 371 (Conspiracy); § 666(a)(1)(B) (Federal Programs Bribery); §§ 1341 and 1346 (Honest Services Mail Fraud); and §§ 1343 and 1346 (Honest Services Wire Fraud). A simple reading of the Indictment belies defendants' First Amendment claims. Rather than interfering with the protected constitutional liberties of American citizens, the Indictment alleges that the defendants conspired to and engaged in a bribery scheme whereby defendant Johnson paid $31,500 to Pierce defendants in exchange for then-Corporation Commissioner Gary Pierce taking official actions on behalf of defendant Johnson. In addition, the defendants took multiple additional overt acts in furtherance of the conspiracy by attempting to purchase real property for Gary Pierce with funds provided by defendant Johnson. Plainly, the Indictment alleges a corrupt *quid pro quo* bribery of a public official and a related conspiracy to accomplish said bribery. The First Amendment does not protect the charged conduct and the United States is prepared to prove the improper *quid pro quo* relationship at trial. Accordingly, defendants' motion should be denied.

I. **Overview of Facts Alleged in the Indictment**

Beginning on or about August 2011, defendant George Johnson conspired with defendants Gary Pierce, Sherry Pierce, and James Norton to pursue a course of action that would benefit Johnson and his company Johnson Utilities, LLC. (Ind. at 4-5.) The object of the defendants' conspiracy was for Johnson—through Norton—to unlawfully provide benefits to the Pierces, in the form of money and the purchase of real property for Gary Pierce valued at $350,000, in exchange for then-Arizona Corporation Commissioner Gary Pierce taking official actions benefiting Johnson and his company. (Id. at 5-6.) Pursuant to this conspiracy, Johnson paid at least $31,500 to the Pierces. (Id.) This corrupt agreement deprived the ACC, the customers of Johnson Utilities, LLC, and the citizens of the State of Arizona of their right to the honest services of elected members of the ACC. (Id. at 5.)

As described in greater detail below, the conduct set forth above—and alleged in the Indictment—is a *quid pro quo* bribe / honest services mail and wire fraud scheme that satisfies any reasonable definition of corruption.

**II.    Argument**

   *a.    The Indictment adequately charges the necessary elements of the offenses at issue and is sufficient on its face.*

To meet the guarantees of the Fifth and Sixth Amendments to the Constitution, an indictment is sufficient if it (i) contains the elements of the offense charged and fairly informs a defendant of the charge; and (ii) enables a defendant to plead double jeopardy as a bar to future prosecutions for the same offense. *See Hamling v. United States*, 418 U.S. 87, 117 (1974). An indictment that tracks the statutory language is normally sufficient if it contains all the elements and is accompanied by a statement of facts that adequately apprises the defendant of the charges against him. *See id*. Here, the Indictment easily meets these standards. Counts 1–8 all set forth the elements of the offenses charged, track the statutory language, and inform the defendants with specificity of the charges against them. (Ind. at 1-17.) Each count of the Indictment is supported by specific facts, including:

> The object of the defendants' conspiracy was for defendant GEORGE HARRY JOHNSON to unlawfully pay money and property to defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE, through JAMES FRANKLIN NORTON and the unindicted coconspirator, in exchange for defendant GARY LEONARD PIERCE, as a Commissioner for the ACC, to unlawfully execute official actions benefiting defendant GEORGE HARRY JOHNSON and Johnson Utilities, LLC, with respect to matters pending before the ACC . . . . During the period of the conspiracy, defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE fraudulently and unlawfully received $31,500.00 from defendant GEORGE HARRY JOHNSON, through defendant JAMES FRANKLIN NORTON, in exchange for defendant GARY LEONARD PIERCE's favorable and unlawful official actions on matters before the ACC, including Decision Number 72579, in ACC, Docket Number WS-02987A-08-0180, which added back into a rate base a wastewater division plant of $18,244,755 which was previously disallowed, and the docketing of a proposed policy change in ACC, Docket Number W-OOOOOC-06-0149, which lead to the ACC permitting utilities organized as subchapter S corporations and limited liability companies (a.k.a. LLCs and pass-through entities) to charge their ratepayers for the utility owner's personal income taxes. . . .

(Ind. at 5-6, ¶¶15-16.)  In further support of these allegations, the Indictment includes specific facts, including details regarding a number of financial transactions made between the defendants (with specific check numbers) (Ind. at 6, 8-13, ¶¶ 18, 26, 29-32, 34, 37-47, 49, 54); summaries of a number of official acts committed by Gary Pierce in his capacity as an ACC commissioner that benefitted Johnson Utilities, LLC (including his relevant ACC voting decisions and the dates on which those votes occurred) (Ind. at 7-8, 13, ¶¶ 20-24, 55); details of emails exchanged between certain defendant's, including emails regarding a potential land deal, with an accompanying "Letter of Intent to Purchase" (Ind. at 9, 12-13, ¶¶ 33, 35-36, 50, 53); and details regarding physical mail sent via the postal service to facilitate the conspiracy (Ind. at 15-17, ¶¶ 60-63.)

While the above summary is by no means exhaustive, it clearly demonstrates that the Indictment is constitutionally adequate, and should not be dismissed.

   b.  *The Indictment does not target protected speech*

While conceding that "the First Amendment allows prosecutions for lobbying activity and political speech where there is a showing of *quid quo pro* linkage"[1], defendants argue that they did nothing more than engage in constitutionally protected political activity. They do so by ignoring the actual allegations of the Indictment and by offering their own bare, unsupported alternative "facts." Defendants then rely upon those purported facts and argue that their motion is properly governed by political speech cases rather than corruption law.  The Indictment, however, alleges corruption and not protected political speech. For example, not one penny of the $31,500 in monetary payments, nor the potential acquisition of the $350,000 piece of property, is alleged to be a direct campaign contribution or a permissible independent expenditure. Rather, it clearly alleges they were bribes. (Ind. at 4-6.) Accordingly, whatever allure *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), and related cases may have to the defendants, they are simply irrelevant to the

---

[1] Defendants' motion at 6.

defendants' motion. What the Supreme Court actually held in *Citizens United* was that "[a]n outright ban on corporate political speech during the critical pre-election period is not a permissible remedy" to address Government anticorruption concerns about corporate spending on independent electioneering communications. 558 U.S. at 361. This decision, therefore, has no significance here.

This case is not about corporate political speech. It is about bribery. The Indictment does not target legitimate lobbying efforts, campaign donations, or any other type of legitimate political expression. In fact, the First Amendment is all but irrelevant to this case. The portion of *Citizens United* that actually pertains to this case states "'[t]he hallmark of corruption is the financial *quid pro quo*: dollars for political favors.'" 558 U.S. at 359 (quoting *Fed. Election Comm'n v. Nat'l Conservative Political Action Comm.*, 470 U.S. 480, 497 (1985)). The Indictment clearly alleges, and at trial the United States will endeavor to prove, a "hallmark of corruption." Specifically, it will prove that pursuant to this conspiratorial relationship, Gary Pierce took official acts in his capacity as an ACC Commissioner, including as Chair, to significantly benefit Johnson and his water utility which Gary Pierce had been entrusted by the citizens of Arizona to honestly regulate. In return, Johnson—through Norton—surreptitiously paid the Pierces at least $31,500. It is for a jury to decide whether the evidence presented proves that hallmark of corruption beyond a reasonable doubt.

### III. Conclusion

For the reasons set forth above, the defendants' motion to dismiss should be denied.

Respectfully submitted this 5th day of April, 2018.

        ELIZABETH A. STRANGE
        First Assistant United States Attorney
        District of Arizona

        s/*Frank T. Galati*
        FREDERICK A. BATTISTA
        FRANK T. GALATI
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
*Attorney for defendant Gary Leonard Pierce*

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
*Attorneys for defendant George Harry Johnson*

Ivan Kurian Mathew, Esq.
*Attorney for defendant James Franklin Norton*

Ashley D. Adams, Esq.
*Attorney for defendant Sherry Ann Pierce*

s/*Gaynell Smith*
U.S. Attorney's Office