ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Gary Leonard Pierce, et al.,<br><br>　　　　Defendants. | No. CR-17-00713-PHX-JJT (JZB)<br><br>**RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT COUNT TWO – DUPLICITY**<br><br>**[Doc. 111]** |

The United States of America respectfully files this response in opposition to Defendants' joint motion to dismiss Count 2 of the Indictment (Doc. 1). Defendants claim that Count 2 is duplicitous and should therefore be dismissed. (Motion at 1, Doc. 111.) Specifically, they contend that it alleges two separate crimes; one involving "compensation paid to Sherry Pierce" and one involving "an email about a real estate transaction." (Id.) However, the payments made to Sherry Pierce and the land deal solicited by Gary Pierce were both offered as part of a single bribery scheme prohibited by 18 U.S.C. § 666(a)(1)(B). This scheme induced defendant Gary Pierce to take numerous official acts in his official capacity as a commissioner of the Arizona Corporations Commission [ACC] which benefited defendant George Johnson. As such, Count 2 is not duplicitous, and

defendants' motion should be denied.

**I.     Law and Argument**

   **A.  Count 2 is properly charged.**

"An indictment is considered duplicitous if a single count combines two or more different offenses." *United States v. Renteria*, 557 F.3d 1003, 1007 (9th Cir. 2009); *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976).  When reviewing an indictment for duplicity, a court must "assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013) (quoting *United States v. Martin*, 4 F.3d 757, 759 (9th Cir. 1993)).

Here, Count 2 (in relevant part) alleges that Defendants violated 18 U.S.C. § 666(a)(1)(B), as follows:

> From in or about August 2011 to in or about February 2013, in the District of Arizona and elsewhere, defendant GARY LEONARD PIERCE, being an agent of the ACC… did corruptly solicit, demand, accept, and agree to accept something of value intending to be influenced and rewarded in connection with the business, transaction, and series of transactions of such state government involving something of value of $5,000 or more: namely, defendant GARY LEONARD PIERCE, knowingly and willfully, solicited, accepted and agreed to accept money, ultimately totaling $31,500, and solicited real property valued at approximately $350,000, from defendant JAMES FRANKLIN NORTON, a retained lobbyist for Johnson Utilities, LLC, intending to be influenced and rewarded in connection with matters Johnson Utilities, LLC, had pending before the ACC, including allowing defendant GEORGE HARRY JOHNSON's personal income tax expenses to be reimbursed, and paid for, by payments made by the Utility's customers, and allowing a significant increase in Johnson Utilities, LLC's wastewater division's revenues through a rate base increase, and defendants GEORGE HARRY JOHNSON, JAMES FRANKLIN NORTON and SHERRY ANN PIERCE did knowingly and intentionally aid the commission of the offense by routing payments and acting as a conduit of the money to defendant GARY FRANKLIN PIERCE in order to hide the true nature and purpose of the payment of the money.

(Ind. ¶ 57.)

Count 2 tracks the language of 18 U.S.C. § 666(a)(1)(B), which reads (in relevant part):
> Whoever . . . being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof . . . corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded

> in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $ 5,000 or more . . . shall be fined under this title, imprisoned not more than 10 years, or both.

Defendants do not claim the statute itself creates more than one offense. Rather, they claim the Government has alleged two separate crimes in Count 2. (Motion at 1.) That is incorrect. Count 2 alleges a single offense: bribery pursuant to § 666(a)(1)(B). That single section is violated if a state official such as defendant Gary Pierce "corruptly solicits…or accepts…or agrees to accept anything of value." Clearly then, § 666(a)(1)(B) describes three ways in which the prohibited conduct may occur: by soliciting a bribe, by accepting a bribe or by agreeing to accept a bribe. Therefore, Count 2 is not duplicitous because "When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." *Renteria* at 1008, quoting *United States v. Urrutia*, 897 F. 2d 430, 432 (9th Cir. 1990). Count 2 does precisely what the Ninth Circuit approved in *Renteria*: it alleges in a single count that defendants committed one crime, bribery, in two ways that the statute specifies.

Count 2 alleges that the bribery of defendant Gary Pierce occurred between on or about August 2011 and February 2013. (Indictment ¶ 57). Count 2 also alleges in ¶ 56 the bribery took place within the context of the entire conspiracy and scheme that is described in ¶¶ 15-55 of the Indictment. An object of the conspiracy and scheme was:

> [d]efendant GEORGE HARRY JOHNSON to unlawfully pay money and property to defendants GARY LEONARD PIERCE and SHERRY ANN PIERCE, through JAMES FRANKLIN NORTON and the unindicted coconspirator, in exchange for defendant GARY LEONARD PIERCE, as a Commissioner for the ACC, to unlawfully execute official actions benefiting defendant GEORGE HARRY JOHNSON and Johnson Utilities, LLC, with respect to matters pending before the ACC and thereby deprive the ACC, the customers of Johnson Utilities, LLC, and the citizens of the State of Arizona of their right to the honest services of elected members of the ACC through bribery and concealment of material information.

(Ind. ¶¶ 15, 56.)

The indictment further alleges that, pursuant to the scheme to "pay money and property to defendants Gary Pierce and Sherry Pierce," the Pierces "accepted" checks for $3,500 on November 18, 2011 (Ind. ¶ 31), December 19, 2011 (Ind. ¶ 34), and continued to accept $3,500 checks on January 31, 2012, (Ind. ¶ 38), February 21, 2012 (Ind. ¶ 40), April 6, 2012 (Ind. ¶ 42), May 16, 2012 (Ind. ¶ 45), June 11, 2012 (Ind. ¶ 47), July 11, 2012 (Ind. ¶ 49) and August 13, 2012 (Ind. ¶ 54). Moreover, in the midst of these payments, defendant Gary Pierce solicited defendant Norton to facilitate the purchase of land, valued at approximately $350,000, with funds to be provided by defendant Johnson, for Pierce's benefit in late December 2011. (Ind. ¶¶ 35-36.)

In accordance with the conspiratorial agreement alleged in the Indictment, defendant Gary Pierce committed a series of official acts including those alleged in ¶¶ 9, 24, calling for a vote and voting on September 6, 2011, to increase the fair value of the wastewater division rate base for Johnson Utilities, LLC, from $136,562 to $18,244,755; ¶¶ 10, 48, docketing on June 15, 2012, a draft policy proposing that the ACC allow pass-through entities (such as Johnson Utilities, LLC) to recover personal income tax expenses through rates charged to customers; ¶¶ 12, 55, voting on February 12, 2013, to allow the recovery of personal income taxes by pass-through public service corporations such as Johnson Utilities, LLC; ¶ 20, mailing and docketing on August 4, 2011, a letter to parties requesting proposed amendments to aid in the ACC's consideration of a Petition to amend ACC Decision Number 71854; ¶ 22, introducing and docketing on August 11, 2011, an Amendment, titled "Pierce Proposed Amendment #1," for ACC Docket Number WS-02987A-08-0180; and ¶ 23, voting on August 11, 2011, to direct ACC staff to prepare and docket an order incorporating the requested modifications outlined in his "Pierce Proposed Amendment #1," for ACC Docket Number WS-02987A-08-0180.

None of the individual corrupt payments or the solicitation were specifically tied to a specific official act of defendant Gary Pierce. Rather, what occurred was a "stream of benefits" or "retainer" bribery.

> In such ongoing bribery schemes, donors and recipients ''do not always spell out in advance the specific match between gift and act.'' [*Quoting United States v. Ganim*, 510 F.3d 134,148 (2nd Cir. 2007)]. Honest services fraud is therefore also possible where '''a person with continuing and long-term interests before an official might engage in a pattern of repeated, intentional gratuity offenses in order to coax ongoing favorable official action in derogation of the public's right to impartial official services.'''[Citation omitted]."

*United States v. Ring*, 628 F. Supp.2d 195, 208 (D.D.C.). *See United States v. Sawyer,* 85 F.3d 713, 730 (1st Cir.1996); *United States v. Kemp*, 500 F.3d 257, 282 (3d Cir. 2007) (''stream of benefits''); *United States v. Kincaid–Chauncey*, 556 F.3d 923, 943 n. 15 (9th Cir. 2009) (describing ''retainer'' theory); *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998) (In a 666 prosecution, "each payment need not be correlated with a specific official act .... In other words, the intended exchange in bribery can be 'this for these' or 'these for these', not just 'this for that.'"). Recognizing the type of bribery scheme employed by these defendants lends further clarity to the Government's position that Count 2 is properly charged.

### B. Dismissal is not Warranted under Any Circumstances

Should the Court have concerns that Count 2 alleges two separate bribes or that there exists a danger that a jury may convict on a less than unanimous verdict, the proper remedy is not dismissal. This is so because "The rules about…duplicity are pleading rules, the violation of which is not fatal to an indictment." *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001)(internal quote omitted), *rev'd on other grounds, United States v. Lopez*, 484 F. 3d 1186 (9th Cir. 2007). Rather, a special jury instruction regarding the unanimity requirement and tailored to the allegations of Count 2 would cure any perceived issues. *Id.,* ("…a defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if…the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed); *United States v. Robinson*, 651 F. 2d 1188, 1194 (6th Cir. 1981).

**II. Conclusion**

For the reasons set forth above, the defendants' motion to dismiss Count 2 should be denied.

Respectfully submitted this 9th day of April, 2018.

                                                  ELIZABETH A. STRANGE
                                                  First Assistant United States Attorney
                                                  District of Arizona

                                                  s/*Frank T. Galati*
                                                  FREDERICK A. BATTISTA
                                                  FRANK T. GALATI
                                                  Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
*Attorney for defendant Gary Leonard Pierce*

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
*Attorneys for defendant George Harry Johnson*

Ivan Kurian Mathew, Esq.
*Attorney for defendant James Franklin Norton*

Ashley D. Adams, Esq.
*Attorney for defendant Sherry Ann Pierce*

*s/Erica Lane*
U.S. Attorney's Office