ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gary Leonard Pierce, et al.,<br><br>Defendants. | No. CR-17-00713-PHX-JJT (JZB)<br><br>**RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT COUNTS TWO AND THREE STATUTE OF LIMITATIONS**<br><br>[Doc. 116] |

Defendants have filed a Joint Motion to Dismiss Regarding Statute of Limitations Counts Two and Three (Doc. 116). The motion asserts a legal position that the Court has already rejected. Accordingly, the motion should be denied on the grounds of *res judicata*. It should also be denied on the merits.

**I.     The Court has already rejected defendants' argument.**

In the very first sentence of their motion, defendants request dismissal of Counts 2 and 3 "*as to acts* which occurred outside the five-year statute of limitations." (Motion at 1; emphasis added). They conclude by saying that Counts 2 and 3 should be dismissed because "the government has included conduct in Counts Two and Three that are prior to May 23, 2012 should be dismissed from prosecution as they are outside the statute of

limitations." Motion at 3.

The very same argument was made in defendant Norton's Motion to Strike Surplussage from Indictment (Doc. 83). There, on statute of limitations grounds, defendant Norton moved to strike from the Indictment *all acts* that occurred prior to May 23, 2012. Motion (Doc. 83) at 4. Applying the theory that the statute of limitation prohibited allegations of fact that occurred outside the five year period, Norton sought to strike from Count 2 the allegation that the bribery scheme began in about August 2011, and to specifically strike reference to defendant Gary Pierce's solicitation of real property valued at $350,000, and actions of the ACC that pre-dated May 23, 2012. (Motion (Doc. 83), ¶ 12 at 10-11). He also sought to strike from Count 3 the allegation that the scheme to defraud began in about August 2011. (Motion (Doc. 83), ¶ 13, at 11-12). Acceptance of defendant Norton's statute of limitations attack on Counts 2 and 3 would have resulted in dismissal of the counts because the Government would not have been able to prove them without evidence of acts occurring more than 5 years before indictment; i.e. the bribery scheme of Count 2 and the scheme and artifice to defraud of Count 3 began in about August of 2011.

This Court denied that meritless motion (without hearing oral argument) as moot and, alternatively, as unripe. In addition, however, the Court noted that "even on the merits," the motion was not well taken. Order (Doc. 88 at 2.) In addressing the merits, the Court ruled:

> A statute of limitations prohibits the prosecution of offenses outside the limitations period, but it does not preclude either allegation or proof of facts—whenever they occurred—that are germane to the commission of the criminal offense within the limitations period. And while some offenses involve discrete acts…other offenses—such as conspiracy—are or may be by their nature continuing offenses, some part of which may occur outside the applicable limitations period and some part of which falls within it.

Order (Doc. 88) 02/14/18, at 2.

In explaining the lack of merit in the previous motion's statute of limitations argument, the Court specifically addressed the crime of conspiracy as an illustrative example of an offense that is continuing in nature. While the Court did not specifically

reference defendant Norton's argument that the core allegations of Counts 2 and 3 were barred by the statute of limitations, the Court denied any relief as to Counts 2 and 3 and the Court's reasoning is directly applicable. Accordingly, defendants have already had their day in court on the statute of limitations issue they have raised again. They are not entitled to another.

**II.     The Court need not conduct a continuing offense analysis.**

Should the Court elect to consider once again defendants' statute of limitations challenge to Counts 2 and 3, it need not conduct a continuing offense analysis because each defendant engaged in criminal conduct in furtherance of bribery scheme alleged in Counts 2 and 3 within the period of the five year statute of limitations.

In *United Sates v. Morales*, 11 F.3d 915 (9th Cir. 1993),[1] the Ninth Circuit discussed this continuing offense doctrine as it applies to 18 U.S.C. § 201(b)(2)(B) (Bribery of Public Officials). It explained:

> The doctrine of 'continuing offense' has no applicability to a situation . . . where the charged criminal conduct itself extends over a period of time. The doctrine comes into play where it is contended that the actual conduct of the defendant ended but the crime continued past that time.

*Morales*, 11 F.3d at 918; *Accord, United States v. Bustamante*, 45 F. 3d 933 (5th Cir. 1995).[2] Like the indictment in *Morales*, Counts 2 and 3 in this case do not allege the conduct of the defendants ceased while their crime continued. Rather, both counts allege criminal conduct that extended over a period of time. More importantly, the Indictment alleges that, pursuant to the scheme, defendant Johnson signed checks payable to the unindicted co-

---

[1] Admittedly, Morales did not involve a statute of limitations claim. Instead, the court determined whether an updated provision of the Federal Sentencing Guidelines should apply to acts that were performed before the updates became effective, but which were committed in furtherance of a bribery scheme that continued after the updates took effect. Morales, 11 F.3d at 916.

[2] In rejecting claim that limitations period began to run upon acceptance of first gratuity, the court held "Bustamante is not accused of committing a crime that has continuing effects after its completion. Rather he was charged with accepting illegal gratuities over an extended period of time….therefore, he was charged with continuing criminal behavior." 45 F.3d at 942.

conspirator and intended as bribes to the Pierce defendants in June 2012 (Indictment, ¶ 46) and August 2012 (Indictment, ¶ 52); and that defendants Gary Pierce and Sherry Pierce accepted those illicit $3,500 payments from the unindicted coconspirator in June 2012 (Indictment, ¶47), July 2012 (Indictment,¶ 49), and August 2012 (Indictment, ¶ 52). In addition, it is alleged that defendant Gary Pierce took official actions benefiting defendant Johnson in June 2012 (Indictment, ¶ 48) and February 12, 2013 (Indictment, ¶ 55). Though not alleged in the Indictment, the Government's will present evidence at trial that very soon after the subject vote on February 12, 2013, defendant Norton instructed the unindicted coconspirator (UCC) to prepare submit an invoice, ultimately dated February 13, 2013, for $25,000 to one of defendant Johnson's entities for work the unindicted coconspirator had not performed (Bates No. Pierce RCI 000260). Soon thereafter, the unindicted coconspirator received a check, dated February 15, 2013, for $25,000, from another one of defendant's Johnson's entities (Bates No. Pierce Financial 001761). As such, the "continuing offense" doctrine is inapplicable.[3]

Each of these acts furthered the bribery scheme and occurred comfortably within the five year limitations period imposed by 18 U.S.C. § 3282. Accordingly, the bribery scheme was ongoing after May 22, 2012, and all acts carried out in furtherance of the scheme—even those that occurred prior to May 22, 2012—are not barred from prosecution by the statute of limitations. *See United States v. Silver*, 864 F.3d 102, 122 (2nd Cir. 2017) ("We agree that the Government need not prove that an official act occurred within the statute of limitations period. The Government need only prove that some aspect of the particular quid pro quo scheme continued into the statute of limitations period.");[4] *United*

---

[3] Count 3 alleges honest services mail fraud with a specified mailing alleged to have occurred on August 3, 2012, well within the limitations period. Accordingly, that the scheme began outside limitations period does not matter. *See United States v. Gross*, 416 F. 2d 1205 (8th Cir. 1969)

[4] As is pointed out above, defendant Pierce took official actions within the statute of limitations period.

*States v. Andreas*, 458 F. 2d 491 (8th Cir. 1972) (prosecution for use of mail and wire communications to further a scheme that was devised more than five years prior to date of indictment not time barred where scheme continued to a date within limitations period).

### III. Defendants' motion fails under a continuing offense analysis.

Defendants' claims fail under a continuing offense analysis. Normally, the statute of limitations begins to run when each element of the crime has occurred and the crime is complete. *Toussie v. United States*, 397 U.S. 112, 115 (1970). However, when the crime is considered a "continuous offense," the statute of limitations does not begin to run until the ongoing course of conduct comes to an end. *Id.; see also United States v. Wilbur*, 674 F.3d 1160, 1176 (9th Cir. 2012) ("Actions that cannot be prosecuted because of the statute of limitations can be considered as part of an ongoing conspiracy so long as one overt act in furtherance of the conspiracy occurred during the limitations period."); *United States v. Holden*, 806 F. 3d 1227, 1231 (9th Cir. 2015).

Defendants contend that the misconduct alleged in Count 2 of the Indictment does not constitute a "continuous offense." (Motion at 1.)[5] As such, they claim prosecution of any acts alleged in Count 2 that occurred prior to May 22, 2012 should be barred by the statute of limitations. (Id.)

As alleged in Count 2, the bribery scheme of these defendants withstands a continuing offense analysis. A continuing offense "involves (1) an ongoing course of conduct that causes (2) a harm that lasts as long as that course of conduct persists." *United States v. Morales*, 11 F.3d 915, 921 (9th Cir. 1993). An offense is "continuing" when either: (1) "the explicit language of the substantive criminal statute compels such a conclusion;" or (2) "the nature of the crime involved is such that Congress must assuredly have intended

---

[5] In support of their motion, defendants cite *United States v. Yashar*, 166 F.3d 873 (7th Cir. 1999). However, this Seventh Circuit decision analyzes a violation of 18 U.S.C. § 666(a)(1)(A) (which involves embezzlement and theft), whereas this case involves a violation of 18 U.S.C. § 666(a)(1)(B) (which involves bribery). As such, *Yashar* is inapposite in this matter.

that it be treated as a continuing one." *Toussie*, 397 U.S. at 115.

*Toussie* commands that a reviewing court analyze the explicit language of the statute and consider the nature of the crime. *Toussie*, 397 U.S. at 115. Here, the explicit language of 18 U.S.C. § 666(a)(1)(B) compels the conclusion that bribery is a continuing offense.

Importantly, the statute does not require the government "to match a specific quid to a specific quo." *See United States v. Mangano*, 2018 U.S. Dist. LEXIS 22131, *1, *14-*15 (E.D.N.Y. Feb. 9, 2018) ("Congress must have intended that such a bribery scheme—for which the government is not required to match a specific quid to a specific quo—would constitute a continuing offense for purposes of the statute of limitations."). Rather, the statute only requires the government to prove the existence of the bribery scheme, which could include numerous payments and overt acts over an extended period of time. See 18 U.S.C. § 666(a)(1)(B). This aligns with the Ninth Circuit's understanding of continuing offenses. *See United States v. Molinaro*, 11 F.3d 853, 859 (9th Cir. 1993) ("[A] continuing offense punishes each execution of a fraudulent scheme rather than each act in furtherance of such a scheme.") (Citation omitted).

Finally, even if the language of § 666(a)(1)(B) does not compel the conclusion that it should be considered a continuing offense; the nature of bribery crimes does so. Bribery schemes often include more than a single gift or act. Likewise, in these schemes, "donors and recipients 'do not always spell out in advance the specific match between gift and act.'" *United States v. Ring*, 628 F. Supp.2d 195, 208 (D.D.C. 2009) (quoting *United States v. Ganim*, 510 F.3d 134,148 (2d Cir. 2007)); see also *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998) (In a 666 prosecution, "each payment need not be correlated with a specific official act . . . . In other words, the intended exchange in bribery can be 'this for these' or 'these for these', not just 'this for that.'"). Instead, the participants engage in continuing series of *quid pro quo* exchanges. Surely such agreements can properly be considered "continuing offenses," and indeed, multiple courts have reached that same conclusion. *See United States v. Niederberger*, 580 F.2d 63, 69-70 (3d Cir.), cert. denied,

439 U.S. 980 (1978); *United States v. Ellenbogen*, 365 F.2d 982, 989 (2d Cir. 1966). Even the United States Supreme Court has recognized the continuous nature of bribery schemes. *See Pendergast v. United States*, 317 U.S. 412, 420 (1943) (reviewing a bribery scheme that contained multiple payments—albeit under a different statute—and assuming that "a fraudulent scheme of [that] character . . . would constitute a continuous offense"). Accordingly, a § 666(a)(1)(B) bribery scheme as charged is properly considered a continuing offense. As such, none of the acts alleged in Count 2 (or Count 3, which alleges the same scheme and alleges a specified mailing on August 3, 2012) are barred from prosecution by the statute of limitations.

**IV.     Conclusion**

For the reasons set forth above, defendants' motion to dismiss Counts 2 and 3 of the Indictment should be denied.

Respectfully submitted this 16th day of April, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

s/*Frank T. Galati*
FREDERICK A. BATTISTA
FRANK T. GALATI
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
*Attorney for defendant Gary Leonard Pierce*

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
*Attorneys for defendant George Harry Johnson*

Ivan Kurian Mathew, Esq.
*Attorney for defendant James Franklin Norton*

Ashley D. Adams, Esq.
*Attorney for defendant Sherry Ann Pierce*

*s/Gaynell Smith*
U.S. Attorney's Office