ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-00713-PHX-JJT (JZB) |
| Plaintiff, | **RESPONSE TO NORTON'S MOTION IN LIMINE RE: STATE LAW** |
| v. | **[Doc. 141]** |
| Gary Leonard Pierce, et al., | |
| Defendants. | |

Defendant Norton has filed a Motion *in limine* that in one substantive paragraph seeks "to preclude the government from attempting to use state law as a basis for proving a federal crime." Motion at 1. The motion is of no merit and, for the reasons that follow, should be denied.

**I.**

Norton relies upon *United States v. Weyhrauch ("Weyhrauch II")*, 623 F. 3d 707, 708 (9th Cir. 2010) for the proposition that the Government is precluded from offering evidence of a knowing concealment of a conflict of interest. Norton reads the Ninth Circuit's brief order on remand from the Supreme Court too broadly.

*Weyhrauch II* applies the holding of *Skilling v. United States*, 561 U.S. 358 (2010): honest services fraud under 18 U.S.C. § 1346 requires proof of a *quid pro quo* bribery or kickback scheme. Nondisclosure of a conflict of interest without a bribe scheme will not suffice. *Skilling*, 561 U.S. at 410. In *Weyhrauch*, because the 18 U.S.C. § 1346 allegation was impermissibly based solely upon self-dealing and concealment, the Government's proffered evidence was not relevant and was properly barred.[1]

In contrast, the eight counts of the instant Indictment clearly allege conspiracy and honest services fraud grounded in a *quid pro quo* bribery scheme. The Indictment does not allege violations of state law. Nonetheless, the United States will present evidence that defendants concealed the payments that defendant Johnson made to the Pierce defendants through defendant Norton and the unindicted coconspirator, and defendant Gary Pierce's solicitation of a real estate deal, in a myriad of ways.[2] Such evidence will be offered to

---

[1] Specifically, the government proposed to introduce: (1) legislative ethics publications containing excerpts of various Alaska state statutes addressing conflicts of interest and disclosure requirements; (2) evidence that members of the Alaska State Legislature customarily acknowledge the existence of conflicts of interests on the floor of the Legislature, and that Weyhrauch never disclosed he was negotiating for employment with VECO; (3) a description of the ethics training Weyhrauch had received; and (4) evidence that Weyhrauch served on the Legislature's Select Committee on Ethics." *United States v. Weyhrauch,* 548 F. 3d 1237, 1239-40. (9th Cir. 2010)

[2] The United States' Response to Motion for Bill of Particulars (Doc. 130) outlined the evidence of concealment that the United States will present at trial, as follows:

Question Five. What is the material information the government alleges was concealed?

Answer: Defendant Gary Pierce concealed the fact that while he was an ACC Commissioner, he and his spouse were receiving funds, and he solicited real property, from the owner of a utility that defendant Gary Pierce was entrusted by the State of Arizona and its citizens help regulate. The United States' discovery and current draft Exhibit List is replete with evidence including financial records and emails documenting these events. This information is contained within the current draft Exhibit List, Exhibit Series 6, Zions National Bank records for Johnson International Inc.; Series 8, Wells Fargo Bank records for defendants Gary and Sherry Pierce; Series 9, First Fidelity Bank records for defendants Gary and Sherry Pierce; and Series 13-16, related to the Unindicted Coconspirator's (UCC) consulting firm's business records, bank records and tax records. Id. at 5-6.

prove defendants' criminal intent, that is, that the payment of $31,500 and Gary Pierce's solicitation of a high dollar real estate deal were part of the *quid pro quo* scheme. Additionally, the Government intends to ask many of the witnesses (with or without reference to Gary Pierce's obligations as an elected state official under Arizona state law) if they had knowledge of, or if any of the defendants revealed, the illicit and purposefully concealed arrangement whereby money flowed from the owner of a regulated utility to an elected public official whose job it was to regulate his benefactor.

**II.**

The United States assumes that the "state disclosure laws" referenced by defendant Norton are those found at A.R.S. § 38-501 *et seq*. One of those statutes, § 38-503(B), states in relevant part: "Any public officer…who has, or whose relative has, a substantial interest in any decision of a public agency shall make known such interest in the official records of such public agency and shall refrain from participating in any manner as an officer…in such decision."

It is clear that defendant Gary Pierce did not comply with the requirements of § 38-503(B). That this federal Indictment does not charge Pierce with a violation of § 503 is of no moment because Pierce's state law obligations, and his knowledge of those obligations, are relevant as proof of the *quid pro quo* bribe scheme and the requisite criminal intent.

**III.**

For the reasons set out above, defendant Norton's motion should be denied.

Respectfully submitted this 26th day of April, 2018.

                                ELIZABETH A. STRANGE
                                First Assistant United States Attorney
                                District of Arizona

                                s/*Frank T. Galati*
                                FREDERICK A. BATTISTA
                                FRANK T. GALATI
                                Assistant United States Attorneys

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
*Attorney for defendant Gary Leonard Pierce*

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
*Attorneys for defendant George Harry Johnson*

Ivan Kurian Mathew, Esq.
*Attorney for defendant James Franklin Norton*

Ashley D. Adams, Esq.
*Attorney for defendant Sherry Ann Pierce*

Daniel E. Fredenberg, Esq.
Christian C. M. Beams, Esq.
*Attorneys for Johnson Utilities, L.L.C.*

*s/Gaynell Smith*
U.S. Attorney's Office