ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>   v.<br><br>James Franklin Norton, et al.,<br><br>            Defendants. | No. CR-17-00713-03-PHX-JJT (JZB)<br><br>**RESPONSE TO DEFENDANT NORTON'S MOTION IN LIMINE #2, MOTION TO PRECLUDE EVIDENCE OF R&R PARTNERS' PAYMENTS TO JAMES NORTON AND MOTION IN LIMINE #3, MOTION TO PRECLUDE EVIDENCE OF R&R PARTNERS' PAYMENTS FROM GEORGE JOHNSON**<br><br>**[Docs. 142, 144]** |

The United States of America respectfully files this response in opposition to defendant James Franklin Norton's Motion in Limine #2, Motion to Preclude Evidence of R&R Partners' Payments to James Norton and Motion in Limine #3, Motion to Preclude Evidence of R&R Partners' Payments from George Johnson [payments from defendant George Johnson to R&R Partners for services]. (Doc. Nos. 142, 144.)

**I.  Background**

At trial, the United States intends to present evidence that defendant Norton and the firm R&R Partners had a professional consulting and lobbying relationship with defendant George Harry Johnson and his related entities that predated the conspiracy and other

violations alleged in the Indictment. (Doc. 1.) Defendant Norton was R&R Partners assigned "account executive" for the Johnson Utilities account. The United States intends to offer evidence of that relationship from 2010 through June 2013. Defendant Johnson through his entities paid a retainer in various monthly amounts, plus expenses, to R&R that included $5,000 and $7,500. On or about August 2011, the four defendants began to take acts in furtherance of the conspiracy and scheme where defendant Johnson would funnel money to defendant Gary Pierce. At that time, defendant Gary Pierce was Commissioner and Chairman on the Arizona Corporation Commission (ACC) and entrusted to assist with the regulation of defendant Johnson's water utility. During the period alleged in the Indictment, defendants Norton and Gary Pierce met a number of times and telephone toll records indicate that their two telephones were in regular communication.

Cognizant of the fact that it would be too obvious for funds to flow either directly from defendant Johnson or through defendant Norton to defendant Gary Pierce, defendant Norton required the unindicted coconspirator (UCC) to do the following: set up a new independent consulting firm, hire defendant Sherry Pierce, directly bill defendant Johnson $6,000 a month, receive payment directly from defendant Johnson via check, and then pay defendant Sherry Pierce $3,500 a month via a separate check. Defendant Sherry Pierce then deposited the checks into accounts she jointly held with defendant Gary Piece.

Bank records for R&R Partners indicate that Johnson Utilities made a total of 27 payments to R&R Partners from March 2011 to June 2013. The same records indicate that R&R Partners paid defendant Norton approximately 22 times during the period of February 2011 through January 2013. The records also indicate that R&R partners paid the UCC directly in October 2011 and then through the UCC's consulting firm approximately 23 times from December 2011 through May 2013.

R&R Partners billing and payment records involving defendants Johnson and Norton, and payment records to the UCC are probative of a consulting and lobbying relationship among the individuals and related entities. In an aboveboard consulting relationship, defendant Norton and R&R Partners would have hired defendant Sherry

Pierce directly and defendant Gary Pierce would have disclosed the employment of his spouse to the ACC. The sole purpose of the UCC's independent entity was to conceal defendant Johnson's payments to defendant Gary Pierce's bank accounts.

**II.     Discussion**

Under Fed. R. Evid. 401, "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. The determination of relevance is a two-step analysis, one being probative value and the other materiality. *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014); *United States v. Shomo*, 786 F.2d 981, 985 (10th Cir. 1986); *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). The standard is expansive. "[E]vidence need not be conclusive in order to be relevant. An incremental effect.... is sufficient...." *United States v. Certified Environmental Services, Inc.*, 753 F.3d 72, 90 (2d Cir. 2014). In fact, the proposition may remain improbable after the evidence and the evidence still be relevant. *United States v. Pollard*, 790 F. 2d 1309, 1312 (7th Cir. 1986), *overruled on other grounds*, *United States v. Sblendorio*, 830 F.2d 1382 (7th Cir. 1987). It is a very low bar for evidence to be relevant "because the degree of materiality and probativity necessary for evidenced to be relevant is 'minimal' and must only provide a 'fact-finder with a basis for making some inference of chain of inferences." *United States v. Jordan*, 485 F.3d 1214, 1218(10th Cir.). "Evidence does not have to be infallible to be probative. Probability of guilt is a function of all the evidence in a case..." *United States v. Herrera*, 704 F.3d 480, 486 (7th Cir.).

In this case, the existence of R&R Partners readymade and ongoing billing, consulting, lobbying and payments among defendants Johnson, Norton and Gary Pierce are all probative of the fact that the UCC's forced independent hiring of defendant Sherry Pierce was done in order to conceal the scheme to provide financial benefits to defendant Gary Pierce.

Under Fed. R. Evid. 403, relevant evidence may be excluded if the probative value is outweighed by adverse considerations such as the danger of unfair prejudice, confusion,

or waste of time. Because the law favors the admission of all relevant evidence, exclusion under Rule 403 "is 'an extraordinary remedy [that] should be used sparingly.'" *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014). Just because evidence is prejudicial is not a reason for exclusion as long as it is sufficiently probative. *United States v. McGuire*, 27 F.3d 457 (10th Cir.1994). The more probative the evidence, the more a court will tolerate prejudice. *United States v. Earls*, 704 F.3d 466, 471 (7th Cir. 2012), citing *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012); *United States v. Curry*, 79 F.3d 1489, 1496 (7th Cir. 1996); *United States v. Dwyer*, 539 F.2d 924 (2d Cir. 1976). Whether the evidence is unfairly prejudicial is a different question than whether the evidence is prejudicial. *United States v. Bailleaux*, 685 F.2d 1105, 1111 n.2 (9th Cir. 1982). The fact that the evidence may tend to convict the defendant does not make it unfairly prejudicial. *United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004).

In this case, the facts surrounding R&R Partner's previously established and ongoing consulting and lobbying relationship among defendants Johnson, Norton and Gary Pierce is, as noted above, highly probative evidence of their desire to conceal the subject conspiracy and stream of benefits to defendant Gary Pierce. The R&R Partners evidence related is not unfairly prejudicial. The fact that the evidence may tend to convict the defendants does not make it unfairly prejudicial.

**III. Conclusion**

For the reasons set forth above, the defendant Norton's Motion in Limine #2, Motion to Preclude Evidence of R&R Partners' Payments to James Norton, and Motion in Limine #3, Motion to Preclude Evidence of R&R Partners' Payments from George Johnson, should be denied.

/
/
/
/
/

Respectfully submitted this 27th day of April, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

s/ Frederick A. Battista

FREDERICK A. BATTISTA
FRANK T. GALATI
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
*Attorney for defendant Gary Leonard Pierce*

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
*Attorneys for defendant George Harry Johnson*

Ivan Kurian Mathew, Esq.
*Attorney for defendant James Franklin Norton*

Ashley D. Adams, Esq.
*Attorney for defendant Sherry Ann Pierce*

s/Gaynell Smith
U.S. Attorney's Office