ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gary Leonard Pierce, et al.,<br><br>Defendants. | No. CR-17-00713-PHX-JJT (JZB)<br><br>**RESPONSE TO DEFENDANT SHERRY PIERCE'S MOTION TO PRECLUDE THE TESTIMONY OF GAYLE BURNS**<br>**[Doc. 109]** |

Defendant Sherry Pierce has moved to preclude the testimony of Gayle Burns. Because the resolution of this motion turns on the evidence presented at trial, the United States respectfully requests that the Court deny the motion as premature.

**I.  Background**

This case involves an alleged bribery scheme whereby defendant George Johnson made payments to defendants Gary and Sherry Pierce in exchange for then-Arizona Corporation Commissioner Pierce taking official actions benefiting Johnson and his company, Johnson Utilities, LLC. Defendant James Norton and the unindicted co-conspirator (UCC) facilitated those payments.

1    Gayle Burns, the subject of this motion, is the wife of current Arizona Corporation Commissioner Bob Burns, who was elected to that office in November 2012. During the course of the bribery conspiracy alleged in this case—August 2011 through February 2013—Ms. Burns was friends with the UCC. During the course of the subject scheme, the UCC contemporaneously confided to Ms. Burns the nature of the bribery scheme, her actions in furtherance of that scheme, and her concerns about the legality of those actions. In addition to her friendship with the UCC, Ms. Burns is acquainted with all of the defendants through her and her husband's political activities and by virtue of Bob Burns' service on the Arizona Corporation Commission.

In April 2015, approximately two years after the illegal conduct alleged in this case, the UCC sought to terminate a legal relationship she had with defendant Norton a after the UCC learned that he was secretly selling off a company they co-owned. The legal relationship was terminated in January 2016.

**II.    Argument**

Defendant Sherry Pierce seeks to have Gayle Burns precluded from testifying at trial, arguing that Ms. Burns' testimony would be inadmissible hearsay because she has "no relevant personal knowledge regarding the allegations of the Indictment." (Doc. 109 at 1.) The court should deny the motion as premature.

First, depending on the testimony elicited at trial, the government may call Ms. Burns to testify regarding her own interactions with defendant James Norton and her observations of the interactions between defendant Norton and others, including the UCC. Ms. Burns may also be called to rebut anticipated attacks against her husband, Commissioner Bob Burns, whom the government expects to call as a witness.[1] Without

---

[1] In at least two motions, the defendants have attacked Commissioner Burns as a "rogue commissioner" determined to "burn down the house at the Arizona Corporation Commission." See defendant Norton's Motion to Preclude Introduction of Confidential Marital Communications (Doc. 102), at 3, fn. 1; and Joint Motion to Preclude Untimely Disclosed Evidence (Doc. 99) at 6. The government does not know the scope or extent of

knowing how the evidence will unfold, it is impossible to determine at this point whether Ms. Burns possesses personal knowledge of relevant, non-hearsay evidence that should be admitted at trial.

Second, the government may call Ms. Burns to testify regarding the UCC's statements to her about the defendants' bribery scheme. Whether this testimony is hearsay depends on whether, and how, the defendants attempt to discredit the UCC's own testimony regarding the scheme.

Federal Rule of Evidence 801 exempts from the definition of hearsay certain statements, including prior consistent statements by a witness "offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed. R. Evid. 801(d)(1)(B). Such statements are admissible as substantive evidence, not just to rebut the attack on the witnesses' credibility. *See Tome v. United States*, 513 U.S. 150, 157 (1995). In order to qualify as non-hearsay under Rule 801(d)(1)(B), the prior consistent statements must have been made before the charged motive to fabricate arose. *Id*. at 167. The rule does not require that a prior consistent statement rebut all improper influences or motives suggested by defense counsel; it is sufficient if the prior statement tends to rebut one of them. *See United States v. Kootswatewa*, 885 F.3d 1209, 1215-16 (9th Cir. 2018).

The government expects the UCC's testimony to be highly incriminating. The defendants' success at trial hinges on their ability to discredit that testimony. The government anticipates that the defense will argue that the UCC is lying about the bribery scheme and that her termination of her legal relationship with defendant Norton motivated those lies. If the defense does attempt to discredit the UCC in this fashion, or to otherwise imply that the UCC's trial testimony is fabricated, then her prior consistent statements to Gayle Burns regarding the bribery conspiracy, made years before, will be admissible as

---

the attacks against Commissioner Burns that may be leveled at trial.

non-hearsay. *See Tome*, 513 U.S. at 158 ("A consistent statement that predates the motive [to fabricate] is a square rebuttal of the charge that the testimony was contrived as a consequence of that motive.").

**III.  Conclusion**

Gayle Burns unquestionably possesses information regarding the defendants and the allegations in this case. Whether that information proves to be relevant, and whether it is admissible as non-hearsay, turns on the other evidence presented at trial. Accordingly, and for the reasons set forth above, defendant Sherry Pierce's motion to preclude the testimony of Gayle Burns should be denied as premature.

Respectfully submitted this 27th day of April, 2018.

> ELIZABETH A. STRANGE
> First Assistant United States Attorney
> District of Arizona
>
>
> s/*Frank T. Galati*
> FREDERICK A. BATTISTA
> FRANK T. GALATI
> Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2018, I caused the attached document to be electronically transmitted the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
*Attorney for defendant Gary Leonard Pierce*

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
*Attorneys for defendant George Harry Johnson*

Ivan Kurian Mathew, Esq.
*Attorney for defendant James Franklin Norton*

Ashley D. Adams, Esq.
*Attorney for defendant Sherry Ann Pierce*

*s/Frank T. Galati*
Assistant U.S. Attorney
U.S. Attorney's Office