IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Gary Leonard Pierce, *et al.*,<br><br>   Defendants. | No. CR-17-00713-001-PHX-JJT<br><br>**ORDER** |

   At issue are Defendant Sherry Ann Pierce's Motion to Strike the Testimony of Thomas Broderick (Doc. 90) and Defendants Norton and Johnson's Motion to Strike Expert (Doc. 104 and as amended in Doc. 105), both of which seek to strike the testimony of Mr. Broderick. The government has given notice to all Defendants that it intended to have Mr. Broderick provide expert testimony at trial. It also made the parties and the Court aware it intended to elicit lay opinion testimony through Mr. Broderick, and would use him as a summary witness for voluminous records reflecting matters before and actions taken by the Arizona Corporation Commission at times relevant to this matter.

   The Court has read the briefing and voluminous supporting attachments thereto submitted by the parties on this issue; it has entertained argument by the parties on this issue at three hearings, including at a Rule 104 hearing convened on the issue. As a result of the initial briefing and the argument, the Court previously decided two of the three aspects of the motions, ruling that the government may not elicit lay opinion testimony

1  through Mr. Broderick—thus granting in part the Motions to Strike—and that it may use
2  him as a summary witness for voluminous records—thus denying in part the Motions.

3  Regarding the final aspect of the Motions wherein Defendants seek to preclude
4  Mr. Broderick as an expert, the Court ordered that the government produce Mr. Broderick
5  for a two-hour interview with defense counsel so they could discover the contours of his
6  proposed testimony. The Court has now read the transcript of that interview and the two
7  exhibits about which defense counsel questioned Mr. Broderick in that interview; it also
8  has reviewed Defendants' Supplement to Motion to Strike Expert (Doc. 219) and the
9  government's Response thereto (Doc. 221).

10  As the Court acknowledged at hearings on these Motions, its decision is
11  complicated by the multiple capacities in which the government sought to elicit testimony
12  from Mr. Broderick. That analysis was simplified when the Court ruled that he could not
13  offer lay opinion testimony, but difficulty still remains when a witness would offer both
14  expert opinion testimony and fact testimony, even in the form of summary testimony as
15  to documents already in evidence or otherwise admissible. This was further complicated
16  by the fact that the expert report Mr. Broderick prepared and the government provided to
17  defense counsel contained what the Court described at the hearing as multiple layers of
18  characterization of actions taken at the Corporation Commission by Defendant Gary
19  Pierce and others. Such characterizations, the Court reasoned, ran the serious risk of
20  blurring the line between expert testimony and summary testimony of facts in a way that
21  could keep the jury from readily distinguishing between the two; moreover, the
22  characterizations in the report, while they might be appropriate coming from a party's
23  counsel in closing argument, were and are in the Court's view not appropriate for
24  inclusion in the testimony of either a summary fact witness or an expert witness, at least
25  without allowing voluminous, time-consuming cross-examination by the opponents of the
26  expert testimony to unravel the witness's basis for such characterization. Thus the Court
27  ruled that no such characterization testimony would be permitted from Mr. Broderick as
28  had appeared in his report. As is evident from the interview transcript, the government

and Mr. Broderick have excised large sections from his report and have withdrawn their intent to introduce that testimony, to the extent it is expert opinion testimony or otherwise, at trial.

In light of these excisions and Mr. Broderick's answers at the interview, Defendants now argue that what remains of his proposed testimony is merely fact summary witness testimony and the Court therefore should not admit his testimony as expert testimony or so identify it for the jury. Defendants urge the concern remains that the jury may be confused and as a result imbue his summary fact testimony with the imprimatur of an expert—in other words give it more weight than it deserves. The government maintains Mr. Broderick still will give expert opinion testimony as noticed, and the Court therefore should still allow him to testify as an expert as well as a fact summary witness.

The government's excision of characterization from Mr. Broderick's expert report has gone a long way to address the Court's concerns about the dangers set forth above. It is clear disagreement remains about some adjectives or adverbs Mr. Broderick might use to describe actions taken by Mr. Pierce or others in this matter. The Court will address those disagreements as they arise in their individual context. The question before the Court now is whether Mr. Broderick's report as edited and excised, and the limitations of his contemplated testimony at trial as represented in his May 11 interview, have eliminated all of the possible subject matter of his previously contemplated expert opinion testimony. The Court concludes it has not.

The government has been clear that intends to use Mr. Broderick's experience in the field of utility regulation, both as an executive in the Commission and for utilities regulated by that Commission, to explain Commission proceedings and terminology. These are appropriate subjects for expert testimony, where properly limited, as they will be here. The government also seeks to question Mr. Broderick as to the significance of actions taken by the Commission and whether the actions advanced positions taken by Johnson Utilities or not. Because both the government and defense counsel will have the

1 ability to question Mr. Broderick on the bases for his opinion as to why an action was or 2 was not significant, and whether it advanced Johnson Utilities' position on an issue 3 before the Commission, and thus to test those bases and their reasonableness, these are 4 proper subjects of expert opinion testimony at trial, especially as the Court has so limited 5 them.

6 The Court shares Defendants' concern that where any witness testifies as both a 7 fact and an expert witness, there can be a danger that the two types of testimony overlap 8 in the jury's minds. But as addressed at hearing, the Court can and will address that 9 concern with an instruction given to the jury both at the time such witness testifies and 10 again in final instructions.

11 Defendants also raised in their Supplement that Mr. Broderick's "Actions Matrix 12 is Confusing, Argumentative and Not Helpful," and therefore should be precluded. (Doc. 13 219 at 5.) As discussed at prior hearings and above, to the extent Defendants believe the 14 matrix is argumentative in that it contains words like "supporting" or "opposing" to 15 describe actions commissioners took, they are free to examine the witness as to the basis 16 for his opinion on why the word he chose is accurate. As to whether the matrix is 17 confusing, the Court starts by observing that the subject matter itself is inherently 18 complex and potentially confusing. It follows that any attempt to explain or even relate 19 involved and intricate workings of a body such as the Commission will be touched by 20 that consideration and possibility. The test for the Court here is whether the document is 21 likely to confuse the jury, and the Court cannot say that is the case. Like most charts 22 beyond the most rudimentary, the jury's understanding will depend on the testimony of 23 the witness who created it, and the ability of the attorneys for all parties to make their 24 points about it—and its meaning to the case or absence thereof—through their 25 questioning.

26 For the above reasons,

27 …

28 …

IT IS ORDERED granting in part and denying in part Defendant Sherry Ann Pierce's Motion to Strike the Testimony of Thomas Broderick (Doc. 90) and Defendants Norton and Johnson's Motion to Strike Expert (Doc. 104 and as amended in Doc. 105).

Dated this 25th day of May, 2018.

Honorable John J. Tuchi
United States District Judge