ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
FREDERICK A. BATTISTA
Assistant U.S. Attorney
Maryland State Bar Member
Email: Fred.Battista@usdoj.gov
FRANK T. GALATI
Assistant U.S. Attorney
Arizona State Bar No. 003404
Email: Frank.Galati@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004-4408
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>vs.<br><br>Gary Leonard Pierce, et al.,<br><br>        Defendants. | No. CR-17-0713-PHX-JJT<br><br>**UNITED STATES' MOTION FOR DETERMINATION OF ADMISSIBILITY OF BUSINESS RECORDS** |

The United States respectfully moves the Court for a determination that certain records are authentic business records within the meaning of Federal Rule of Evidence 803(6). This request is based upon the attached memorandum of points and authorities. On May 22, 2018, the United States noticed its intent to offer certain business records into evidence through use of Rule 902(11) certifications in lieu of live testimony of custodians of records. (Doc.222). Attached to the notice is Exhibit A, a table that contains a list of certifications from the Arizona Corporation Commission, banks, and other businesses, including the bates number and exhibit number of each certification, along with the bates number and exhibit number of the corresponding business records. Also attached to the

notice, as Exhibit B, are copies of the certifications, in the order listed on Exhibit A. The certifications and underlying records were previously disclosed to Defendants. It is these certifications that the United States seeks to use in lieu of live testimony by records custodians.

During the week of May 21, 2018, the parties exchanged exhibit lists and discussed stipulations regarding documentary evidence. On May 25, 2018, the United States made available all of its exhibits for inspection. The parties have subsequently entered into a stipulation to admit some of the United States' exhibits that are certified under Rule 902(11), as follows: 1 through 1-17, 1-20 through 1-25, 1-27 through 1-30, 1-32, 1-34 through 1-39, 1-41 through 1-51, 1-59 through 1-73, 1-75 through 1-114, and 2-1 through 2-54.

This motion seeks a ruling admitting *the remainder* of the exhibits referenced in Document 222 as certified under Rule 902(11): exhibits 5 through 5-124, 5-127 through 5-130, 6 through 6-20, 6-22 through 6-23, 7 through 7-49, 8 through 8-25, 9 through 9-25, 10 through 10-26, 11-3 through 11-4, 12-4, 13 through 13-49, 19-41, 19-42, 21 through 21-2, and 23 through 23-24.

## **MEMORANDUM**

The government seeks a preliminary determination, as authorized by federal Rule of Evidence 104, of the admissibility of certain records pursuant to the business records exception to the hearsay rule, Rule 803(6). Rule 104(a) states that the Court, not the jury, decides the admissibility of evidence:

> Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination, it is not bound by the rules of evidence except those with respect to privileges.

In addition, Rule 803(b) states that certain types of business records constitute admissible hearsay:

> (6) Records of Regularly Conducted Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions,

> opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Rule 803(6) recognizes that certificates may be sufficient to provide the required foundation, and specifically references Rule 902(11):

> (11) Certified Domestic Records of Regularly conducted Activity.--The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record--
>
> > (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
> >
> > (B) was kept in the course of the regularly conducted activity; and
> >
> > (C) was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

"The district court has wide discretion to determine whether a business record meets the trustworthiness standard of the business records exception to the rule against hearsay." *United States v. Fuchs,* 218 F.3d 957, 965 (9th Cir. 2000).

In this matter, the United States seeks to lay the appropriate business records foundation for the trial exhibits through certificates obtained from the relevant custodians. Those exhibits are listed in the attached Exhibit A. Copies of the certificates are attached to the notice (Doc. 222) as Exhibit B.

The admissibility of business records under Rule 803(6), and the procedure set forth in Rule 104 for determination of the preliminary questions regarding admissibility, are unaffected by the Supreme Court's decision *in Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, the Supreme Court held that any "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. *Id.* at 68-69. However, the Court made clear that business records admitted pursuant to an evidentiary hearsay exception are not the type of testimonial statements with which the Sixth Amendment Confrontation Clause is concerned. *Id*. At 56; *see also Melendez-Diaz v. Massachusetts,* 129 S. Ct. 2527, 2539 ("Business and public records are generally admissible absent confrontation not because the qualify under an exception to the hearsay rules, but because—having been created for the administration of and entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial.")

The Supreme Court's decision in *Crawford* does not discuss the additional question of whether 902(11) certifications (and similar certifications) are testimonial, but other courts have considered the question in the wake of *Crawford* and held that such certifications are not testimonial. For example, in *United States v. Ellis,* the Seventh Circuit held that 902(11) certifications are not testimonial, in part because "[g]iven the records themselves do not fall within the constitutional guarantee provided by the Confrontation Claus, it would be odd to hold that the foundational evidence authenticating the records do." 460 F.3d 920, 927 (7th Cir. 2006); *see also United States v. Yeley-Davis,* 632 F.3d 673, 680-81 (10th Cir.2011)(holding that 902(11) certifications are not testimonial*); United States v. Adefehinti*, 510F.3d 319, 328 (D.C. Cir. 2008)(same); *United States v. Kahre*, 610 F. Supp. 2d 1261, 1265 (D. Nev. 2009) (same). Following the same logic, the Ninth Circuit *in United States v. Weiland* held that certifications of public records under 902(4) are not testimonial, pointing out that "requiring the records custodians and other officials from the various states and municipalities to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical

challenge 'without any apparent gain in the truth-seeking process.'" 420 F.3d 1062, 1077 (9th Cir. 2005) (quoting *Crawford*, 541 U.S. at 76). Likewise, in *United States v. Hagege* the Ninth Circuit held that admission of foreign bank records based on certifications under 18 U.S.C. § 3505 rather than live testimony did not violate the Confrontation Clause because the certifications themselves were not admitted into evidence. 437 F.3d 943, 958 & n.6 (9th Cir. 2006).

For all of these reasons, the United States respectfully requests that the Court enter and order finding that the exhibits listed above are admissible at trial as authentic business records under Federal Rule of Evidence 803(6).

Respectfully submitted this 1st day of June, 2018.

    ELIZABETH A. STRANGE
    First Assistant United States Attorney
    District of Arizona

    *s/ Frederick A. Battista*
    FREDERICK A. BATTISTA
    FRANK T. GALATI
    Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Patricia Ann Gitre, Esq.
Patricia Ann Gitre, PLC
Attorney for defendant Gary Leonard Pierce

Hannah Hatch Porter, Esq.
Jay Steven Volquardsen, Esq.
Woodrow Charles Thompson, Esq.
Attorneys for defendant George Harry Johnson

Ivan Kurian Mathew, Esq.
Attorney for defendant James Franklin Norton

Ashley D. Adams, Esq.
Attorney for defendant Sherry Ann Pierce

*s/Zachry Stoebe*
U.S. Attorney's Office